[Cite as *State ex rel. Blachere v. Tyack*, 2023-Ohio-781.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Nathanial Colin Blachere, | : | |
| Relator, | : | |
| | : | No. 22AP-478 |
| v. | : | (REGULAR CALENDAR) |
| Lori M. Tyack, Franklin County Municipal Court Clerk et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on March 14, 2023

**On brief:** *Nathanial Colin Blachere*, pro se.

**On brief:** *Zach M. Klein*, City Attorney, and *Alexandra N. Pickerill*, for respondent Lori M. Tyack.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Martin O. Ginnan*, for respondent Maryellen O'Shaughnessy.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

EDELSTEIN, J.

{¶ 1} Relator, Nathanial Colin Blachere, has filed a complaint for a writ of mandamus requesting this court order respondents, Lori M. Tyack, Franklin County Municipal Court Clerk ("Clerk Tyack"), and Maryellen O'Shaughnessy, Franklin County Clerk of Courts ("Clerk O'Shaughnessy"), to accept for filing the affidavit he presented to Clerk Tyack pursuant to R.C. 2935.09 and 2935.10. For the foregoing reasons, we adopt the magistrate's decision, dismiss Mr. Blachere's complaint, and deny the requested writ of mandamus.

## I. BACKGROUND

{¶ 2}   In July 2022, Mr. Blachere mailed a document captioned "Accusation By Affidavit to Cause Arrest and Prosecution Pursuant to Ohio Statutes 2935.09(A) and (D) and 2935.10(B)(1)" to the office of the Franklin County Municipal Court Clerk. (Compl., Ex. A.) In that affidavit, Mr. Blachere accused Franklin County Court of Common Pleas Judge Kimberly Cocroft of failing to fulfill her judicial duties in his pending felony case, Franklin C.P. No. 21CR-993,[1] and sought to bring criminal misdemeanor charges against her. Specifically, Mr. Blachere alleged that Judge Cocroft committed the second-degree misdemeanor offenses of dereliction of duty, in violation of R.C. 2921.44(B) and (F), and interfering with civil rights, in violation of R.C. 2921.45, by failing to dismiss "the cause styled *State v. Blacker*, 21 CR 993, a criminal proceeding, for want of subject-matter jurisdiction" and because the indictment in that case, he claimed, "fail[ed] to charge an offense." (Compl., Ex. A at ¶ 1, 7.)

{¶ 3}   Along with that affidavit, Mr. Blachere enclosed a letter directing the Franklin County Municipal Court Clerk to file his affidavit "in your court" and to return a file-stamped copy to him. (Compl., Ex. B.) Mr. Blachere alleges that Clerk Tyack either failed or refused to file that affidavit and, instead, forwarded his affidavit to Clerk O'Shaughnessy, who also did not file the document. (Compl. at 4-5.) Subsequently, Clerk O'Shaughnessy mailed Mr. Blachere a "Notice of Requirement Deficiency" letter informing him that his case was pending in the common pleas court and directing him to "correct [his] paperwork to reflect the correct court and re-send." (Compl., Ex. C.)  As part of that mailing, Clerk O'Shaughnessy returned to Mr. Blachere the affidavit and envelope he mailed to Clerk Tyack. (Compl. at 4-5; Compl., Ex. D.)

{¶ 4}   On August 5, 2022, Mr. Blachere filed a complaint for a writ of mandamus in this court, asking us to order Clerk Tyack and Clerk O'Shaughnessy "to process"—i.e., file—his affidavit pursuant to R.C. 2935.09 and 2935.10. (Compl. at 5.) Pursuant to Loc.R. 13(M) of the Tenth District Court of Appeals and Civ.R. 53, we referred this matter to a magistrate of this court on August 10, 2022. Clerk Tyack and Clerk O'Shaughnessy subsequently

---

[1] Mr. Blachere's criminal case is captioned as *State v. Nathanial C. Blacker*. As reflected in the trial court docket (of which this court takes judicial notice), Judge Cocroft was originally assigned to preside over that case but recused herself after Mr. Blachere (unsuccessfully) sought to disqualify her. Judge Kim J. Brown was then assigned to Mr. Blachere's criminal case, which remains pending.

moved to dismiss Mr. Blachere's complaint seeking a writ of mandamus pursuant to Civ.R. 12(B)(6). Mr. Blachere filed multiple written responses to those motions.

{¶ 5} On September 27, 2022, the assigned magistrate issued a decision with findings of fact and conclusions of law, which is appended hereto. In that decision, the magistrate determined that Clerk Tyack and Clerk O'Shaughnessy did not have a clear legal duty to file Mr. Blachere's affidavit—the act which Mr. Blachere seeks to compel in this case. Thus, the magistrate has recommended we grant Clerk Tyack's and Clerk O'Shaughnessy's motions to dismiss, dismiss the complaint pursuant to Civ.R. 12(B)(6), and deny Mr. Blachere's complaint for a writ of mandamus.

{¶ 6} On October 10, 2022, Mr. Blachere filed an objection to the magistrate's decision and his affidavit (with exhibits attached) in support thereof.[2] In his objection, Mr. Blachere did not challenge the magistrate's recitation of the pertinent facts.[3] Instead, he objected to the magistrate's conclusion that he failed to prove the existence of any clear legal duty to provide the requested relief. He cited R.C. 2935.09 and 2935.10 in support.

## II. ANALYSIS

{¶ 7} Mr. Blachere's objection to the magistrate's decision was timely filed under Civ.R. 53(D)(3)(d). We are therefore required to independently review the objected-to matters and evaluate whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).

{¶ 8} Mr. Blachere has not objected to the magistrate's findings of fact. Nonetheless, having reviewed the record and the magistrate's decision—and in the absence of any objection thereto—we find no error in the magistrate's determinations of the facts. Accordingly, we hereby adopt the magistrate's findings of fact in their entirety as our own.

{¶ 9} Mr. Blachere objects to the magistrate's determination that Clerk Tyack and Clerk O'Shaughnessy did not have a clear legal duty to provide the requested relief—that is,

---

[2] After the magistrate's decision was rendered on September 27, 2022, but before Mr. Blachere filed his objection on October 10, 2022, he filed a motion for summary judgment. We do not address that motion because the magistrate's substantive decision and ruling on the motion to dismiss mooted all matters raised in the summary judgment motion.

[3] Mr. Blachere also filed a "Motion for Findings of Fact and Conclusions of Law" on October 10, 2022. The next day, we issued a journal entry denying that motion and noting that the magistrate's decision contained findings of fact and conclusions of law.

to file Mr. Blachere's affidavit relating to Judge Cocroft.[4] The magistrate has recommended we dismiss this matter under Civ.R. 12(B)(6) and deny Mr. Blachere's requested writ of mandamus. We overrule Mr. Blachere's objection to the magistrate's conclusions of law and adopt the magistrate's decision as our own, as explained below.

### A. Standard of Review: Dismissal Under Civ.R. 12(B)(6)

{¶ 10} We review dismissals granted under Civ.R. 12 (B)(6) de novo. *State ex rel. Russell v. Yost*, 10th Dist. No. 21AP-603, 2022-Ohio-4778, ¶ 12, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

{¶ 11} A motion to dismiss for failure to state a claim upon which relief can be granted—i.e., a "Civ.R. 12(B)(6) motion"—tests the sufficiency of the mandamus complaint and the materials incorporated into it. *State ex rel. Welch v. Aveni*, 10th Dist. No. 21AP-501, 2022-Ohio-1038, ¶ 4; *State ex rel. Ames v. Baker, Dublikar, Beck, Wiley & Mathews*, __Ohio St.3d__, 2022-Ohio-3990, ¶ 16, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992); *State ex rel. Peoples v. Schneider*, 159 Ohio St.3d 360, 2020-Ohio-1071, ¶ 9.

{¶ 12} Dismissal of a mandamus action under Civ.R. 12(B)(6) is appropriate if, after presuming all factual allegations in the mandamus complaint to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that the relator can prove no set of facts entitling the relator to a writ of mandamus. *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, 165 Ohio St.3d 71, 2021-Ohio-2071, ¶ 8, citing *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, ¶ 8. However, "unsupported legal conclusions are not considered admitted when determining whether to grant extraordinary relief and are insufficient to withstand a motion to dismiss." *State ex rel. Bell v. Pfeiffer*, 10th Dist. No. 10AP-490, 2011-Ohio-2539, ¶ 13.

### B. Standard for Mandamus

{¶ 13} The purpose of a writ of mandamus is to " 'compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust[,] or station.' "

---

[4] In his mandamus complaint, Mr. Blachere does not allege or provide evidence showing that he ever attempted to file his affidavit with the Franklin County Clerk of Courts. Furthermore, it is not entirely clear from his objection whether Mr. Blachere is disputing the magistrate's decision as it relates to Clerk O'Shaughnessy.

*State ex rel. Timson v. Shoemaker*, 10th Dist. No. 02AP-1037, 2003-Ohio-4703, ¶ 16, quoting *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977).

**{¶ 14}** To be entitled to a writ of mandamus, a relator must prove three things by clear and convincing evidence: (1) a clear legal right to the requested relief; (2) a clear legal duty on the part of one or both of the respondents to provide it; and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Olmstead v. Forsthoefel*, 163 Ohio St.3d 25, 2020-Ohio-4951, ¶ 7, citing *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, ¶ 3. " 'Clear and convincing evidence' is a measure or degree of proof that is more than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established." *State ex rel. Ware v. Crawford*, 167 Ohio St.3d 453, 2022-Ohio-295, ¶ 14, citing *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, ¶ 14.

**{¶ 15}** "Parties seeking extraordinary relief bear a more substantial burden in establishing their entitlement to this relief." *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, ¶ 56. "In mandamus cases, this heightened standard of proof is reflected by two of the required elements—a 'clear' legal right to the requested extraordinary relief and a corresponding 'clear' legal duty on the part of the respondents to provide it." *Id.*

### C. Mr. Blachere is not entitled to the requested writ of mandamus.

**{¶ 16}** It is clear from the record Mr. Blachere mailed his affidavit to Clerk Tyack and requested that it be filed in the Franklin County Municipal Court. No one disputes that Clerk Tyack did not file it. Mr. Blachere seeks a writ of mandamus compelling Clerk Tyack to "file [his] affidavit and follow the process and procedure as outlined" in R.C. 2935.09 and 2935.10. (Compl. at 5.) Mr. Blachere bears the burden to plead and prove facts showing that his affidavit was submitted in accordance with these provisions and that Clerk Tyack had a clear legal duty to file it.

**{¶ 17}** In his objection, Mr. Blachere contends that neither statutory provision absolves the clerks "of their ministerial duty 'to accept for filing any paper presented to [them].' " (Obj. to Mag.'s Decision at 2.) In support of that assertion, Mr. Blachere relies largely upon *State ex rel. Kess v. Antonoplos*, 5th Dist. No. 16CAD030010, 2017-Ohio-305, ¶ 7-12. Mr. Blachere's reliance on *Kess* is misplaced, however, because the facts and law of

that case are not analogous to those presented here. *Kess* involved a clerk's refusal to file a pleading—objections to a magistrate's decision—in a pending case. *Id*. at ¶ 1-2. In defending against the mandamus complaint, the Delaware County Clerk of Courts argued she had no clear legal duty to accept the pleading because it was untimely filed. *See id*. at ¶ 9. Upon review, the appellate court concluded the clerk had a clear legal duty to accept all papers presented for filing, and granted the writ. *Id*. at ¶ 11-14.

{¶ 18} In stark contrast, here, Mr. Blachere seeks to compel the filing of his own affidavit charging another person with a criminal offense. The obligations of clerks of courts (as well as judges, magistrates, and prosecutors) regarding such citizen affidavits are defined by R.C. 2935.09 and 2935.10.

> 1. **R.C. 2935.09(D) does not impose a clear legal duty upon a clerk of courts to file an affidavit it receives in the mail from a private citizen charging a misdemeanor offense.**

{¶ 19} "R.C. 2935.09(D) authorizes a private citizen 'who seeks to cause an arrest or prosecution' to 'file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney.' " *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, ¶ 12, quoting R.C. 2935.09(D).

{¶ 20} R.C. 2935.09(A) defines "reviewing official" to mean "a judge of a court of record, the prosecuting attorney * * * or a magistrate." In this case, Mr. Blachere mailed his affidavit directly to the Franklin County Municipal Court Clerk. We agree with the magistrate's determination that a clerk of courts is not a "reviewing official" under this definition. *See also State ex rel. Morrison v. Smith*, 5th Dist. No. 15-CA-46, 2016-Ohio-623, ¶ 4. Thus, we conclude Mr. Blachere did not file his affidavit "with a reviewing official" as contemplated under R.C. 2935.09(D).

{¶ 21} Nonetheless, the second sentence of R.C. 2935.09(D) permits a private citizen to file the affidavit with the clerk of courts "before or after the normal business hours of the reviewing officials if the clerk's office is open at those times." When a clerk receives such affidavit during the reviewing official's non-business hours, the last sentence of R.C. 2935.09(D) requires the clerk to "forward it to a reviewing official when the reviewing official's normal business hours resume."

{¶ 22} The plain language of R.C. 2935.09(D) only contemplates clerk involvement if the affidavit is filed before or after the normal business hours of a reviewing official. *See Morrison* at ¶ 7. We thus find that, under R.C. 2935.09(D), a clerk's ***clear*** legal duty to file and forward an affidavit the clerk receives from a private citizen only arises when: (1) the affidavit is received during a reviewing official's non-business hours; and (2) the clerk is open during the reviewing official's non-business hours. Mr. Blachere does not allege in his mandamus complaint that the affidavit was received by Clerk Tyack (or Clerk O'Shaughnessy) during the non-business hours of any "reviewing officials." Nothing in the record indicates when Clerk Tyack received Mr. Blachere's mailed affidavit. Even if Mr. Blachere could prove ***when*** Clerk Tyack received the affidavit, he neither alleged nor presented evidence of the "non-business hours" of any "reviewing officials."

{¶ 23} We further find that R.C. 2935.09(D) does not impose a ***clear*** legal duty on a clerk of court to file an affidavit it receives in the mail from a private citizen charging a misdemeanor offense. Hinging a clerk's duties on whether it receives a citizen's affidavit during the "normal business hours" of a "reviewing official" only makes sense if in-person filing is required. But, in-person filing is not required by the statute. Nor is it the norm for the world in which our legal system operates. With that in mind, another question presents: how might a private citizen file an affidavit with a "judge of a court of record"—a "reviewing official" under R.C. 2935.09(A)—if not by submitting it to the clerk of that court? This question begets another: is the concept of "filing" in R.C. 2935.09(D) really just commensurate with that of "submitting?" Of course, we are bound by the statute as enacted by the Ohio legislature. Our bemusement with the procedures described in R.C. 2935.09(D) is offered only to crystallize our point that, other than in the limited circumstance described above, a clerk's legal duty under R.C. 2935.09(D) is not clear when a private citizen seeks to "file" an affidavit by mailing it directly to the clerk.[5]

---

[5] The prosecuting attorney is a "reviewing official" with whom a citizen can file an affidavit. *See* R.C. 2935.09(A) and (D). Often, clerks and judges who receive a citizen's affidavit will forward it to the prosecuting attorney for investigation (even if they are not statutorily required to do so). *See, e.g., State ex rel. Whittaker v. Lucas Cty. Prosecutor's Office*, 164 Ohio St.3d 151, 2021-Ohio-1241, ¶ 3 (clerk did not file relator's mailed affidavit but sent it to the prosecutor's office for review); *Nusbaum*, 2017-Ohio-9141, at ¶ 2-3 (after relator filed affidavit in the common pleas court, a judge issued an entry referring the affidavit to the prosecuting attorney for investigation).

{¶ 24} Since Mr. Blachere cannot establish a clear legal duty on the part of Clerk Tyack or Clerk O'Shaughnessy to file (or forward) his affidavit under R.C. 2935.09(D), he has failed to satisfy his "substantial burden in establishing [his] entitlement to this relief." *See Doner*, 2011-Ohio-6117, at ¶ 56. Accordingly, we find that Mr. Blachere's mandamus complaint fails to state a claim upon which relief may be granted.

    2. **R.C. 2935.10(B) imposes no duty on a clerk of courts when the private citizen's affidavit alleges a misdemeanor.**

{¶ 25} R.C. 2935.10 prescribes the procedure to be followed once a private citizen files an affidavit charging an offense. Mr. Blachere also cites to R.C. 2935.10 as imposing a duty on the clerks in this case. We disagree.

{¶ 26} If the citizen affidavit charges a felony, R.C. 2935.10(A) requires "such judge, clerk, or magistrate" to either "issue a warrant for the arrest of the person charged in the affidavit," *or* "refer the matter to the prosecuting attorney * * * for investigation prior to the issuance of [a] warrant" if the "judge, clerk, or magistrate has reason to believe that [the affidavit] was not filed in good faith, or the claim is not meritorious."

{¶ 27} If the affidavit charges a misdemeanor offense—as did Mr. Blachere's affidavit here—R.C. 2935.10(B) provides that "such judge, clerk, or magistrate *may*" either issue an arrest warrant or a summons for the subject of the affidavit to appear. (Emphasis added.) "[S]tatutory use of the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary." *See Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107 (1971). Thus, a clerk's duty to issue a summons or a warrant on a misdemeanor charge is discretionary.

{¶ 28} Of note, this provision does not require a referral to the prosecutor if the "judge, clerk, or magistrate," using their discretion, declines to issue a warrant or summons in connection with the misdemeanor allegation. *See* R.C. 2935.10(B); *In re Affidavit by Accusation*, 2d Dist. No. 2021-CA-22, 2021-Ohio-4502, ¶ 6.

{¶ 29} Accordingly, we find that no clear legal duty under R.C. 2935.10 arose in this case. To the extent that Mr. Blachere seeks to compel the clerks to perform a discretionary act, mandamus will not lie. *See, e.g., State ex rel. AWMS Water Solutions, L.L.C. v. Simmers*, 10th Dist. No. 19AP-582, 2020-Ohio-4798, ¶ 7.

{¶ 30} Having conducted an examination of the magistrate's decision and an independent review of the record, pursuant to Civ.R. 53(D)(4)(d), we find the magistrate properly applied the relevant law to the salient facts when it reached the conclusion that this case must be dismissed under Civ.R. 12(B)(6) because Mr. Blachere failed to establish that either Clerk Tyack or Clerk O'Shaughnessy had a clear legal duty under R.C. 2935.09 and 2935.10 to file his affidavit.

## III. CONCLUSION

{¶ 31} Mr. Blachere has not established that he is entitled to a writ of mandamus. Accordingly, we overrule Mr. Blachere's objection; adopt the magistrate's decision, including the findings of fact and conclusions of law contained therein, as our own; grant the motions to dismiss of respondents, Lori M. Tyack, Franklin County Municipal Court Clerk, and Maryellen O'Shaughnessy, Franklin County Clerk of Courts; deny the writ; and dismiss this action in mandamus.

*Objection overruled;*
*motions to dismiss granted*; *writ of mandamus denied.*

BEATTY BLUNT, P.J. and LUPER SCHUSTER, J., concur.

———————————

## APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Nathanial Colin Blachere, | : | |
| Relator, | : | |
| v. | : | No.  22AP-478 |
| Lori M. Tyack et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 27, 2022

*Nathanial Colin Blachere,* pro se.

*Zachary M. Klein,* City Attorney, and *Alexandra N. Pickerill,* for respondents.

IN MANDAMUS
ON RESPONDENTS' MOTION TO DISMISS

**{¶ 32}** Relator, Nathanial Colin Blachere, has filed this original action seeking the issuance of a writ of mandamus ordering respondents, Lori M. Tyack, the Clerk of the Franklin County Municipal Court, and Maryellen O'Shaughnessy, Franklin County Clerk of Courts, to process relator's charging affidavit pursuant to R.C. 2935.09 and 2935.10.

Findings of Fact:

**{¶ 33}** 1. At the time of the filing of this mandamus action, on August 5, 2022, relator was an inmate being held at the Franklin County Correction Center at 370 S. Front Street in Columbus, Ohio.

**{¶ 34}** 2. Respondent Tyack is the Clerk of the Franklin County Municipal Court.

{¶ 35} 3. Respondent Maryellen O'Shaughnessy is the Franklin County Clerk of Courts.

{¶ 36} 4. In his complaint in the instant action, relator alleges that on or about July 5, 2022, he mailed to Tyack a document captioned "Accusation By Affidavit To Cause Arrest And Prosecution Pursuant To Ohio Statutes 2935.09(A) and (D) and 2935.10(B)(1)." (Compl. at 2.) Relator alleges that Tyack either failed to or refused to file the affidavit, but instead forwarded it to O'Shaughnessy, who also did not file the affidavit. On or about July 20, 2022, relator received a document captioned "Notice of Requirement Deficiency" from O'Shaughnessy to which was attached the document relator sent to Tyack and the envelope in which it was contained. (Compl. at 2.) Relator alleges that respondents failed to act in accord with their statutory duties under R.C. 2935.09 and 2935.10.

{¶ 37} 5. On August 26, 2022, Tyack filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).

{¶ 38} 6. On September 2, 2022, O'Shaughnessy filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).

{¶ 39} 7. Relator responded to Tyack's motion to dismiss on September 8, 2022 and O'Shaughnessy's motion to dismiss on September 23, 2022.

Discussion and Conclusions of Law:

{¶ 40} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C).

{¶ 41} A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 11, citing *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 10th Dist. No. 09AP-352, 2009-Ohio-5976, ¶ 9, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio

St.2d 242 (1975), syllabus. Provided there is a set of facts, consistent with the complaint, under which the complaining party could recover, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 23, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.). In order for a court to issue a writ of mandamus, a relator must establish (1) the relator has a clear legal right to the relief requested, (2) the respondents are under a clear legal duty to provide the relief, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983), citing *State ex rel. Harris, v. Rhodes*, 54 Ohio St. 2d 41, 42 (1978). "A complaint in mandamus states a claim if it alleges 'the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " *State ex rel. Bush*, 42 Ohio St.3d 77, 80 (1989), quoting *State ex rel. Alford, v. Willoughby*, 58 Ohio St. 2d 221, 224 (1979).

{¶ **42**} R.C. 2935.09 and 2935.10 govern the filing of an affidavit charging a criminal offense by a peace officer or a private citizen and provide the procedures to be followed upon the filing of such affidavit. *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, ¶ 15 ("R.C. 2935.09 must be read in pari materia with R.C. 2935.10, which prescribes the procedure to be followed once a citizen files a criminal complaint."). R.C. 2935.09(C) prescribes the procedure to be followed by a peace officer in seeking to cause an arrest or prosecution by affidavit, providing as follows: "A peace officer who seeks to cause an arrest or prosecution under this section may file with a reviewing official or the clerk of a court of record an affidavit charging the offense committed."

{¶ **43**} R.C. 2935.09(D) governs the procedure for a private citizen seeking to cause an arrest or prosecution by affidavit, providing as follows:

> A private citizen having knowledge of the facts who seeks to
> cause an arrest or prosecution under this section may file an
> affidavit charging the offense committed with a reviewing
> official for the purpose of review to determine if a complaint

> should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume.

In enacting R.C. 2935.09, it was the intent of the General Assembly to require "private citizens' affidavits [to] be reviewed by judges, magistrates, or prosecutors." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 7. Thus, " '[a] private citizen may initiate the arrest or prosecution of a person charged with committing an offense if the citizen complies with the requirements of R.C. 2935.09(D).' " *Jones v. Thomas*, 10th Dist. No. 19AP-401, 2019-Ohio-5000, ¶ 10, quoting *State ex rel. Brown v. Jeffries*, 4th Dist. No. 11CA3275, 2012-Ohio-1522, ¶ 6, citing *Mbodji* at ¶ 6. R.C. 2935.09(A) defines a "reviewing official" as "a judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of offenses in a court or before a magistrate, or a magistrate."

{¶ 44} R.C. 2935.10(B) governs the actions that a judge, clerk, or magistrate may take upon receipt of an affidavit seeking to charge an individual with a misdemeanor offense, providing as follows:

> If the offense charged is a misdemeanor or violation of a municipal ordinance, such judge, clerk, or magistrate may:
>
> (1) Issue a warrant for the arrest of such person, directed to any officer named in section 2935.03 of the Revised Code but in cases of ordinance violation only to a police officer or marshal or deputy marshal of the municipal corporation;
>
> (2) Issue summons, to be served by a peace officer, bailiff, or court constable, commanding the person against whom the affidavit or complaint was filed to appear forthwith, or at a fixed time in the future, before such court or magistrate. Such summons shall be served in the same manner as in civil cases.

"When R.C. 2935.09 is read in pari materia with R.C. 2935.10, it is clear that the mere filing of an affidavit claiming that a crime was committed does not require the issuance of an arrest warrant." *Hillman v. Larrison*, 10th Dist. No. 18AP-896, 2019-Ohio-2537, ¶ 13, citing *State ex rel. Strothers v. Turner*, 79 Ohio St.3d 272, 273 (1997).

{¶ 45} Here, relator argues respondents were under a clear legal duty to follow the procedures in R.C. 2935.09 and 2935.10. Relator asserts that he completed an affidavit as provided under the statutes and "then attempted to file this Affidavit with a reviewing official: Respondent Tyack." (Compl. at 4.) Relator also describes O'Shaughnessy as "an additional reviewing official." (Compl. at 4.) Respondents argue that relator cannot establish respondents had a clear legal duty under R.C. 2935.09 and 2935.10 to perform the requested action.

{¶ 46} Presuming all the facts of the complaint to be true, the plain language of the statute reveals that respondents did not have a legal duty to perform the action in question. First, respondents, as clerks of court, are not judges of a court of record, prosecuting attorneys or attorneys charged by law with the prosecution of offenses in a court or before a magistrate, or magistrates. Therefore, respondents are not "reviewing official[s]" within the meaning of R.C. 2935.09(A). *See State ex rel. Evans v. Tieman*, 157 Ohio St.3d 99, 2019-Ohio-2411, ¶ 12. Next, relator is not a peace officer, and is consequently unable to utilize R.C. 2935.09(C) by filing a charging affidavit with either a "reviewing official or the clerk of a court of record." R.C. 2935.09(C). Instead, respondent, as a private citizen, must follow the dictates of R.C. 2935.09(D).

{¶ 47} R.C. 2935.09(D) contains a bifurcated process for a private citizen seeking to file a charging affidavit. First, a private citizen may file a charging affidavit with a reviewing official. Second, a private citizen may file a charging affidavit with a clerk of a court of record "*before or after the normal business hours* of the reviewing officials if the clerk's office is open at those times." (Emphasis added.) R.C. 2935.09(D). Under this framework, a private citizen may only file a charging affidavit with a clerk outside of the normal business hours of the reviewing official. *State ex rel. Morrison v. Smith*, 5th Dist. No. 15-CA-46, 2016-Ohio-623, ¶ 9 (stating that "the clerk's legal duty to file an affidavit only arises when the clerk receives an affidavit from a private citizen during a reviewing official's non-business hours"). *See also Hicks v. State*, 12th Dist. No. CA2018-04-022, 2018-Ohio-5298, ¶ 9 (finding R.C. 2935.09 was not violated where charging affidavit was "filed with a clerk of courts and provided both to a judge and to the office of the Ohio Attorney General"). This is made clear by the final sentence of the statute, which states that a clerk who receives a charging affidavit "before or after the normal business hours of the reviewing officials shall

forward it to a reviewing official when the reviewing official's normal business hours resume." R.C. 2935.09.

{¶ 48} Thus, a clerk has no duty to act unless the clerk receives the affidavit either before or after the normal business hours of the reviewing official, at which point the clerk must forward it to a reviewing official upon the resumption of the reviewing official's normal business hours. Relator does not allege in his complaint that the affidavit was received by the clerk before or after the reviewing official's normal business hours. Relator also does not allege that he attempted to present the affidavit to a reviewing official, by addressing the mailing containing the affidavit to a reviewing official or otherwise. Therefore, relator has failed to demonstrate that respondents are under a clear legal duty to provide the requested relief.

{¶ 49} Finally, R.C. 2935.10 does not compel a different result. Reading R.C. 2935.10 in pari materia with R.C. 2935.09, as is required, a clerk is only permitted to issue a warrant or summons upon a private citizen's charging affidavit if directed to do so by a reviewing official. *See Morrison* at ¶ 12 (finding in mandamus action that clerk's duty under R.C. 2935.10 did not arise because reviewing authority did not find the claim to be meritorious and filed in good faith); *Mbodji* at ¶ 21. Therefore, presuming all factual allegations contained in the complaint to be true and making all reasonable inferences in favor of the nonmoving party, relator has failed to state a claim upon which relief can be granted.

{¶ 50} Accordingly, it is the decision and recommendation of the magistrate that the complaint should be dismissed and the requested writ denied.

/S/MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).