[Cite as *State ex rel. Owens v. Gifford*, 2024-Ohio-5468.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| STATE EX REL. CARLO L.M. | : | Hon. W. Scott Gwin, P.J. |
| OWENS | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| Relator | : | |
| | : | |
| -vs- | : | Case No. 2024 CA 0020 |
| | : | |
| L. GIFFORD, MANSFIELD | : | |
| CORRECTIONAL INSTITUTION | : | OPINION |
| | | |
| Respondent | | |

CHARACTER OF PROCEEDING:      Writ of Mandamus

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      November 20, 2024

APPEARANCES:

For: Relator                              For: Respondent

CARLO L.M. OWENS              DAVE YOST
#A383-845                            Ohio Attorney General
North Central Correctonal Complex    BY: JOHN BATES
P.O. Box 1812                        Senior Assistant Attorney General
Marion, OH 43301                     Criminal Justice Section
                                      Corrections Litigation Unit
                                      30 E. Broad Street, 23rd Floor
                                      Columbus, OH 43215

*Gwin, P.J.*

**{¶1}** On May 2, 2024, Relator Carlo L.M. Owens filed a Complaint for Writ of Mandamus requesting public records. On June 7, 2024, Respondent L. Gifford, Commissary Supervisor at Mansfield Correctional Institution filed a Motion to Dismiss Complaint. Owens responded to the motion on October 28, 2024.[1] For the reasons that follow, we grant Gifford's motion and dismiss the writ.

## I.    BACKGROUND

**{¶2}** Owens's writ of mandamus states that Gifford is the Commissary Supervisor at Mansfield Correctional Institution Commissary. Owens asserts he sent a public records request to Gifford, via certified mail, on March 20, 2024, and that Gifford allegedly signed for the certified mail on March 27, 2024. Owens references Exhibits A, B and C to establish the certified mail request and acceptance by Gifford. However, these exhibits are not attached to his complaint.

**{¶3}** Owens further alleges that to date; he has not received a response to his public records request. Owens requests that Gifford comply with his statutory duty to produce the requested records and that he be awarded statutory damages and court costs.

**{¶4}** On July 9, 2024, Owens requested a 30-day extension of time to respond to the motion. We granted Owens's request and ordered Gifford to serve a copy of his Motion to Dismiss Complaint on Owens. On July 12, 2024, Owens filed a Motion to Strike Any Pending Motions of Respondent in Regard to Relator's Writ of Mandamus. On

---

[1] Owens's response was untimely but we previously granted his "Motion for Leave for Instanter" and therefore, will consider his response to Gifford's Motion to Dismiss Complaint.

September 19, 2024, we denied the Motion to Strike and again ordered Gifford to serve a copy of his motion on Owens. We also gave Gifford additional time to respond to the motion.

{¶5} On September 20, 2024, Owens filed a Motion for Contempt of Court. We filed a Judgment Entry on September 23, 2024, holding the motion in abeyance and ordering Gifford to file notice of proof of service of his motion on Owens. On October 1, 2024, Gifford filed his notice of proof of service. On October 28, 2024, Owens filed a Motion for Leave Instanter and Reply to Respondent's Motion to Dismiss Relator's Writ of Mandamus.

## II.     ANALYSIS

### A. *Writ of mandamus elements and Civ.R. 12(B)(6) standard*

{¶6} To be entitled to a writ of mandamus, a relator must prove the following by clear and convincing evidence: (1) a clear legal right to the requested relief; (2) a clear legal duty on the part of one or both of the respondents to provide it; and (3) the lack of an adequate remedy in the ordinary course of the law. (Citations omitted.) *State ex rel. Blachere v. Tyack*, 2023-Ohio-781, ¶ 14 (10th Dist.). "'Clear and convincing evidence' is a measure of degree of proof that is more than a preponderance of the evidence but less than the beyond-a-reasonable doubt standard required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established." *State ex rel. Ware v. Crawford*, 2022-Ohio-295, ¶ 14, citing *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶ 14.

{¶7} Gifford seeks dismissal of Owens's writ under Civ.R. 12(B)(6). A Civ.R. 12(B)(6) motion tests the sufficiency of the mandamus complaint and the materials

incorporated into it. (Citations omitted.) *Blachere* at ¶ 11. Dismissal is appropriate if, after presuming all factual allegations in the mandamus complaint to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that the relator can prove no set of facts entitling the relator to a writ of mandamus. (Citations omitted.) *Id.* at ¶ 12. "However, 'unsupported legal conclusions are not considered admitted when determining whether to grant extraordinary relief and are insufficient to withstand a motion to dismiss.'" *Id.*, quoting *State ex rel. Bell v. Pfeiffer*, 2011-Ohio-2539, ¶ 13 (10th Dist.).

### B. *Owens is not entitled to mandamus relief.*

**{¶8}** Owens is not entitled to mandamus relief because he failed to plead and prove, by clear and convincing evidence, that he requested a public record under R.C. 149.43(B)(1) and that Respondent Gifford did not make the record available. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 26. Although Owens references Exhibit A, in paragraph six of his complaint, this exhibit is not attached to the complaint. Missing Exhibit A is allegedly the public records request that Owens sent to Gifford.

**{¶9}** In paragraph seven of his complaint, Owens references Exhibits B and C and further alleges Gifford signed for the public records request that was sent by certified mail. However, these exhibits are also not attached to the complaint. We do not know what public records Owens allegedly requested and whether Gifford was actually served with a copy of the requested records.

**{¶10}** Therefore, we conclude Owens is not entitled to mandamus relief because he failed to establish, by clear and convincing evidence, that he requested a public record under R.C. 149.43(B)(1) and that Gifford did not make the record available.

## C. *Owens is not entitled to statutory damages.*

**{¶11}** Owens also requests this Court award him statutory damages and court costs because he had to institute this action to make Gifford respond to his public records request. R.C. 149.43(C)(2) allows a relator to recover $100 for each business day during which a records custodian fails to comply with the Public Records Act, starting from the day the mandamus action was filed, up to a maximum of $1,000.

**{¶12}** R.C. 149.43(C)(2) provides a "requester shall be entitled to recover" statutory damages if (1) he has submitted a written request for public records "by hand delivery, electronic submission, or certified mail . . . to the public office or person responsible for the requested public records," (2) the request "fairly describes the public record or class of public records," and (3) "a court determines that the public office or the person responsible for public records failed to comply with an obligation" imposed by R.C. 149.43(B).

**{¶13}** Here, Owens failed to establish that he delivered his public records request to Gifford by certified mail – or any other means of delivery permitted under R.C. 149.43(C)(2). A requester seeking statutory damages must prove the method of delivery by clear and convincing evidence. *See State ex rel. Mobley v. Toledo*, 2022-Ohio-3889, ¶ 12 ("Mobley has failed to prove by clear and convincing evidence that Toledo failed to comply with any obligation under R.C. 149.43(B). Though Mobley claims that he sent a public-records request to the police department on or about October 13, 2021, he has not submitted a copy of his alleged request or any other evidence showing that he mailed the request described in the complaint . . . Mobley has therefore failed to show a violation of R.C. 149.43(B) upon which he can base a claim for statutory damages.")

**{¶14}** Therefore, we conclude Owens is not entitled to statutory damages.

D. *Owens is not entitled to court costs.*

**{¶15}** An award of court costs is mandatory under two scenarios. First, court costs shall be awarded when the court grants a writ of mandamus compelling a public office to comply with its duties under the Public Records Act. R.C. 149.43(C)(3)(a)(i). Second, court costs shall be awarded when the court determines the public office "acted in bad faith when [it] made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not" to grant a writ of mandamus. *See* R.C. 149.43(C)(3)(a)(ii) and (iii).

**{¶16}** Neither scenario applies to the facts of this case. Therefore, Owens is not entitled to an award of court costs. *State ex rel. Hedenberg v. N. Cent. Corr. Complex*, 2020-Ohio-3815, ¶ 13.

### III. CONCLUSION

**{¶17}** Based on the foregoing, we conclude beyond doubt that Owens can prove no set of facts entitling him to mandamus relief. Therefore, we grant Gifford's Motion to Dismiss.

**{¶18}** The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

**{¶19}** MOTION GRANTED.

**{¶20}** CAUSE DISMISSED.

**{¶21}** COSTS TO RELATOR.

By Gwin, P.J.,

Hoffman, J., and

King, J., concur