**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Owens v. Gifford*, Slip Opinion No. 2025-Ohio-2544.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2544

THE STATE EX REL. OWENS, APPELLANT, *v.* GIFFORD, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Owens v. Gifford*, Slip Opinion No. 2025-Ohio-2544.]**

*Mandamus—Public-records requests—Relator submitted four exhibits on the same day as his complaint, though he apparently attached the exhibits to an affidavit, not to the complaint—Court of appeals' judgment granting respondent's motion to dismiss for relator's alleged failure to attach the exhibits reversed and cause remanded.*

(No. 2024-1712—Submitted May 13, 2025—Decided July 22, 2025.)

APPEAL from the Court of Appeals for Richland County,

No. 2024 CA 0020, 2024-Ohio-5468.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Carlo L.M. Owens, petitioned the Fifth District Court of Appeals for a writ of mandamus to order L. Gifford, the commissary supervisor at the Mansfield Correctional Institution, to respond to a public-records request Owens had sent him. Gifford filed a motion to dismiss, which the Fifth District granted on the sole ground that Owens had failed to attach to his complaint three exhibits that he referred to in his complaint to support his claims. Owens now appeals.

{¶ 2} Owens and Gifford agree that Owens filed the three exhibits with his complaint. Gifford concedes that for this reason alone, we should vacate the Fifth District's judgment and remand the case. Because Gifford raised in the motion other issues that the court did not address, we reverse its judgment and remand the case to the court of appeals for it to consider the other arguments raised in the motion to dismiss.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} According to his complaint, Owens, an inmate at the North Central Correctional Complex, sent Gifford a public-records request by certified mail on March 20, 2024. Owens addressed his public-records request to the commissary supervisor at the Mansfield Correctional Institution. After Gifford allegedly failed to respond to the request, Owens petitioned the Fifth District for a writ of mandamus to compel Gifford to provide access to the requested records and for statutory damages. Owens submitted along with his complaint several affidavits, including an "affidavit of verity" in which he attested to the accuracy of four exhibits attached to the affidavit: Exhibit A, the public-records request he sent Gifford; Exhibit B, a copy of the certified-mail receipt that Gifford signed; Exhibit C, proof of Owens's payment for the certified mailing; and Exhibit D, a letter Owens sent Gifford to follow up on the records request.

{¶ 4} Gifford filed a motion to dismiss for failure to state a claim upon which relief could be granted. The Fifth District granted the motion, holding that

Owens had failed to attach Exhibits A through C to his complaint and therefore "failed to prove and plead by clear and convincing evidence," the facts necessary to support his claim. 2024-Ohio-5468, ¶ 8 (5th Dist.).[1]

## II. ANALYSIS

{¶ 5} Owens argues that the court of appeals erred in dismissing his complaint for a failure to attach Exhibits A through C. Gifford agrees that the exhibits were submitted with the complaint, pointing out that due to a filing error, the exhibits were attached to one of the affidavits Owens filed along with the complaint rather than to the complaint itself. Gifford therefore urges us to vacate the judgment of the court of appeals and remand the case for further proceedings.

{¶ 6} The record confirms that Owens submitted Exhibits A through D and his affidavits on the same day as his complaint, though he apparently attached the exhibits to an affidavit, not to the complaint. Although the court of appeals' finding that the exhibits were not attached to the complaint is technically correct, the court either failed to notice or disregarded the fact that the exhibits had been submitted as attachments to an affidavit and therefore were in the record and could be considered.

{¶ 7} Because Gifford has conceded that the court of appeals erred, we reverse its judgment and remand the case for that court to consider the other arguments raised by Gifford in the motion to dismiss. We note that Gifford's brief in support of this motion also alleged omissions in the affidavits that Owens had submitted under R.C. 2969.25(A) and (C). *See* R.C. 2969.25(A) (requiring an inmate commencing a civil action in a court of appeals to file an affidavit describing each civil action or appeal of a civil action that the inmate had filed in the previous

---

1. To the extent that the court of appeals considered the missing exhibits as indicating Owens' failure to "prove" his mandamus claim, 2024-Ohio-5468 at ¶ 10, rather than simply as a pleading failure, it was incorrect to do so. A party is not required to prove his case at the pleading stage; rather, in considering a motion to dismiss, a court accepts as true the factual allegations in the complaint, *State ex rel. Taylor v. Montgomery Cty. Court of Common Pleas*, 2024-Ohio-1127, ¶ 12.

five years); R.C. 2969.25(C) (requiring an inmate seeking a filing-fee waiver in a civil action filed in a court of appeals against a government employee to submit with the petition a statement setting forth the balance in the inmate's account for each of the preceding six months).  We leave it to the Fifth District to consider these arguments in the first instance.

### III.  CONCLUSION

**{¶ 8}** We reverse the judgment of the Fifth District Court of Appeals and remand the case to that court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

_____

Carlo L.M. Owens, pro se.

Dave Yost, Attorney General, and Adam Beckler, Assistant Attorney General, for appellee.

_____