[Cite as *State ex rel. Walker v. Bolin*, 2026-Ohio-1822.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Anthony Walker, | : | |
| Relator, | : | No. 25AP-133 |
| v. | : | (REGULAR CALENDAR) |
| J. Bolin, [Ohio Department of Rehabilitation and Correction] Bureau of Sentence Computation, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on May 19, 2026

**On brief:** *Anthony Walker*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Salvatore P. Messina,* for respondent.

IN MANDAMUS

MENTEL, J.

{¶ 1}   Relator, Anthony Walker, brings this original action in mandamus against respondent, Jessica Bolin, in her official capacity as an employee of Ohio Department of Rehabilitation and Correction's Bureau of Sentence Computation to correctly apply Walker's jail-time credit to the calculation of his prison term and to correct the calculation of his first hearing before the Ohio Parole Board.

{¶ 2}   Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate.  On March 5, 2026, the magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court deny Walker's writ of mandamus as he failed to establish that Bolin has a clear legal duty to alter the calculation of his prison term or the date of his first hearing before the

parole board. The magistrate found that "[c]ontrary to Walker's claims, the evidence submitted to Bolin reflects that Walker's credit has been applied to the calculation of his sentence and parole hearing date." (Appended Mag.'s Decision at 9.) The magistrate explained that "[t]he September 20, 2024 letter from the bureau reflects that credits in the amount of 2,053 days had been applied to Walker's first hearing date, which was, at that time, scheduled in January 2034. The sentence calculation letter prepare by Pond reflects that Walker's first hearing is currently set for February 2034, 'which would be seen in November 2033.' " (Appended Mag.'s Decision at 9, quoting Bolin's Evid. at 5.)

{¶ 3} Walker did not file objections in this case. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Our review of the magistrate's decision reveals no error of law or other facial defect that would preclude adopting it. *See, e.g.*, *State ex rel. Wyse v. Ohio Pub. Emp. Retirement Sys.*, 2024-Ohio-314, ¶ 2 (10th Dist.), citing *State ex rel. Alleyne v. Indus. Comm.*, 2004-Ohio-4223 (10th Dist.) (adopting the magistrate's decision where no objections were filed).

{¶ 4} Accordingly, we adopt the magistrate's decision as our own, including findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny Walker's petition for a writ of mandamus.

*Writ of mandamus denied.*

BEATTY BLUNT and EDELSTEIN, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Anthony Walker, | : | |
| Relator, | : | |
| v. | : | No. 25AP-133 |
| J. Bolin, [Ohio Department of Rehabilitation and Correction] Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 5, 2026

*Anthony Walker*, pro se.

*Dave Yost*, Attorney General, and *Salvatore P. Messina*, for respondent.

IN MANDAMUS

{¶ 5}  Relator Anthony Walker is serving a sentence of imprisonment in the custody of the Department of Rehabilitation and Correction ("DRC") as a result of multiple convictions arising out of the Cuyahoga County Court of Common Pleas. Walker seeks a writ of mandamus ordering respondent Jessica Bolin, in her capacity as an employee of DRC's Bureau of Sentence Computation ("bureau"), to correctly apply Walker's jail-time credit to the calculation of his prison term and to correct the calculation of his first hearing before the Ohio Parole Board ("parole board"). For the reasons set forth below, the magistrate recommends denying the writ.

**I. Findings of Fact**

{¶ 6}   1. Walker is an inmate currently incarcerated at Grafton Correctional Institution in Grafton, Ohio.

{¶ 7}   2. Bolin is a DRC employee working for the bureau.

{¶ 8}   3. In *State v. Walker*, Cuyahoga C.P. No. CR-268354, Walker was charged with committing seven offenses: for counts one and two, aggravated murder in violation of R.C. 2903.01; for count three, aggravated burglary in violation of R.C. 2911.11; for count four, aggravated robbery in violation of R.C. 2911.01; for count five, attempted murder in violation of R.C. 2923.02 and 2903.02; for counts six and seven, kidnapping in violation of R.C. 2905.01. Walker was also charged with multiple specifications: for counts one and two, Walker was charged with a mass murder specification, three felony murder specifications, and a firearm specification. All other counts were charged with firearm specifications. Walker was found guilty, pursuant to a jury verdict, of all seven criminal counts and specifications. The jury recommended imposition of the death sentence for the two counts of aggravated murder. In an entry dated November 21, 1991, the common pleas court sentenced Walker as follows:

> Walker is sentenced Ct. 1 and 2 to death by electrocution on March 30, 1992 to run concurrent with each other; Ct. 3 for 10 to 25 years plus 3 years mandatory time on gun specification, to run consecutive to Cts. 1 and 2; Ct. 4 for 10 to 25 years plus 3 years mandatory time on gun specification to run consecutive to Cts. 1, 2 and 3; Count 5 for 7 to 25 years plus 3 years mandatory on gun specification consecutive to Cts. 1, 2, 3 and 4; Ct. 6 for 10 to 25 years plus 3 years mandatory on gun specification, consecutive to counts 1, 2, 3, 4 and 5; Ct. 7 for 10 to 25 years plus 3 years mandatory on gun specification consecutive to all other counts.

(Bolin Am. Evid. at 7.)

{¶ 9}   4. In *State v. Walker*, Cuyahoga C.P. No. CR-269956, Walker was charged with two counts of aggravated murder, each with firearm and felony murder specifications, and one count each of aggravated burglary and aggravated robbery, each with a firearm specification. Walker entered a plea of guilty to an amended charge of murder, with a nolle prosequi entered as to the remaining counts. In an entry filed March 18, 1992, the common pleas court sentenced Walker to a "term of fifteen (15) years to life," with the "sentence to run concurrent to [Cuyahoga C.P. No.] CR-268354." (Bolin Am. Evid. at 24.)

{¶ 10} 5. In *State v. Walker*, Cuyahoga C.P. No. CR-254824, Walker was charged with one count of trafficking in drugs, one count of possession of criminal tools, and one count of having weapons while under disability, with a firearm specification. A certified copy of sentence dated January 26, 1993 reflects that Walker entered a plea of guilty to amended charges of one count of drug abuse and one count of having weapons while under disability, with a nolle prosequi entered as to the remaining count. The common pleas court sentenced Walker to a "term of eighteen (18) months on each count." (Bolin Am. Evid. at 32.)

{¶ 11} 6. In an opinion rendered on October 28, 1993, the Court of Appeals for the Eighth District reversed Walker's conviction in Cuyahoga C.P. No. CR-268354 and remanded the matter for further proceedings.

{¶ 12} 7. In Cuyahoga C.P. No. CR-268354, Walker was sentenced upon remand in May 1998 as follows:

> Count One, Aggravated Burglary, for a term of 10 to 25 years; Count Two, Aggravated Robbery for a term of 10 to 25 years; Count Three, Attempted Murder, for a term of 10 to 25 years; Count Four, Kidnapping, for a term of 10 to 25 years; Count Five, Kidnapping, for a term of 8 to 25 years and Count Seven, Aggravated Murder with a Mass Murder Specification, for a term of 30 years to life, with an additional three years for a Firearm Specification to be served prior to and consecutive to all other sentences. All sentences in CR 268354 are to run concurrent with each other, but consecutive to the sentence of 15 years to life imposed in CR 269956.

(Bolin Am. Evid. at 68.)

{¶ 13} 8. In Cuyahoga C.P. No. CR-268354, the common pleas court issued a journal entry in December 2002 sentencing Walker to "a term of 10 to 25 years base charge consecutive with 2 years actual incarceration for possession of firearm on counts 1, 2, 3 & 4; 8 to 15 years base charge with 3 years actual incarceration for possession of firearm under count five; 30 years to life on base charge with 3 years actual incarceration for possession of firearm under count seven; time to run concurrent between counts but consecutive with sentence in case CR 269956." (Bolin Am. Evid. at 121.)

{¶ 14} 9. In an April 19, 2004 journal entry in Cuyahoga C.P. No. CR-269956, Walker was found to have 322 days of jail-time credit.

{¶ 15} 10. In a June 14, 2004 journal entry in Cuyahoga C.P. No. CR-268354, Walker was found to have 163 days of jail-time credit.

{¶ 16} 11. In a September 2, 2004 journal entry in Cuyahoga C.P. No. CR-268354, Walker was found to have 1,733 days of jail-time credit.

{¶ 17} 12. In a letter dated September 20, 2004 from the bureau to the common pleas court in Cuyahoga C.P. No. CR-268354, the bureau advised that it had "applied 163 days of jail credit and 1,568 days of prison time for a total of 1,731 days of credit to Case [CR-268354] which is still being served," and noted that the "application of 1,733 days prison credit in your case appears to be duplicate prison time that has already been applied." (Bolin Am. Evid. at 132.) The bureau therefore concluded that Walker's "total credits are 1,731 ([CR-268354]) and 322 ([CR269956]) for total credits 2,053." *Id.* The bureau indicated the credits had been applied to the calculation of Walker's first parole hearing, which was scheduled to occur in January 2034. The bureau invited the court to immediately advise the bureau if its application of jail-time credit was incorrect.

{¶ 18} 13. On February 11, 2011, the common pleas court issued a revised sentencing entry in Cuyahoga C.P. No. CR-268354. Walker was sentenced to "an agreed sentence of thirty-three years to life" as follows:

> Defendant is sentenced to a term of 10 to 25 years on count 1 with a three-year firearm specification to be served prior to and consecutive with the base charge in count 1; of 10 to 25 years on count 2 with a three-year firearm specification to be served prior to and consecutive with the base charge in count 2; of 10 to 25 years on count 3 with a three-year firearm specification to be served prior to and consecutive with the base charge in count 3; of 10 to 25 years on count 4 with a three-year firearm specification to be served prior to and consecutive with the base charge in count 4; of 8 to 25 years on count 5 with a three-year firearm specification to be served prior to and consecutive with the base charge in count 5; of 30 years to life on count 7 with a three-year firearm specification to be served prior to and consecutive with the base charge in count 7.
>
> The sentences for the base charges of counts 1, 2, 3, 4, 5, and 7 shall run concurrently. All firearm specifications shall merge at sentencing with three-years mandatory to be served prior to and consecutive with the base charge in counts 1, 2, 3, 4, 5,

and 7. Sentence in case number [CR-268354] to run consecutive to sentence in case number [CR-269956].

(Bolin Am. Evid. at 135.)

{¶ 19} 14. Barbara Pond, correctional records sentence computation auditor and supervisor for the bureau, submitted an affidavit and a sentence computation letter for Walker. In the sentence computation letter, Pond stated that Walker's first parole hearing is set for February 2024, "which would be seen in [November] 2033." (Bolin's Am. Evid. at 5.)

{¶ 20} 15. On January 15, 2025, Walker filed his complaint for writ of mandamus and an affidavit of prior civil actions.

{¶ 21} 16. Bolin filed a motion to dismiss on February 19, 2025.

{¶ 22} 17. Bolin's motion to dismiss was denied by magistrate's order issued April 15, 2025.

{¶ 23} 18. On May 22, 2025, Bolin submitted a presentation of evidence.

{¶ 24} 19. On October 29, 2025, Bolin submitted an amended presentation of evidence.

{¶ 25} 20. Walker did not submit a presentation of evidence or seek to submit any rebuttal evidence.

## II. Discussion and Conclusions of Law

{¶ 26} Walker requests a writ of mandamus ordering Bolin to correctly apply Walker's jail-time credit to the calculation of his prison term and to correct the calculation of his first hearing before the parole board.

## A. Purpose of and Requirements for Mandamus

{¶ 27} A writ of mandamus is an extraordinary remedy " 'issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty.' " *State ex rel. Russell v. Klatt*, 2020-Ohio-875, ¶ 7, quoting R.C. 2731.01. *See State ex rel. Blachere v. Tyack*, 2023-Ohio-781, ¶ 13 (10th Dist.) (stating that the purpose of mandamus is to compel the performance of an act that the law specifically enjoins as a duty resulting from an office, trust, or station). In order for a writ of mandamus to issue in this matter, Walker must establish by clear and

convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Bolin to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Gil-Llamas v. Hardin*, 2021-Ohio-1508, ¶ 19. " 'Clear and convincing evidence' is a measure or degree of proof that is more than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established." *State ex rel. Ware v. Crawford*, 2022-Ohio-295, ¶ 14, citing *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶ 14.

**B. Analysis**

{¶ 28} Walker does not contest the amount of jail-time credit to which he is entitled. Walker states that DRC and the bureau have "listed the correct amount of jail-time credit at the 2053 days the court has ordered to be applied." (Walker's Brief at 1.) Nevertheless, Walker contends DRC and the bureau have not applied this credit to his sentence. Walker has supplied no evidence to support this contention. Instead, Walker relies on his own calculation of his sentence, which he states is 43 years to life.[1] Walker states that "[d]educting 2053 days from 42 years, with a starting date of November 27, 1991 renders Relator's first Parole Board Hearing date to properly be on or about April 13, 2029." *Id.* at 3. The problem with Walker's contention is that the evidence does not support his sentence calculation.

{¶ 29} As the most recent sentencing entry in Cuyahoga C.P. No. CR-268354 makes clear, Walker's sentences for the counts in that case are to run concurrently with each other, but consecutive to Walker's sentence in Cuyahoga C.P. No. CR-269956. In Cuyahoga C.P. No. CR-268354, Walker was sentenced to a total prison term of 33 years to life, including the firearm specification. In Cuyahoga C.P. No. CR-269956, Walker was sentenced to a term of 15 years to life. When the total sentences in these cases are run consecutively, as

---

[1] Walker incorrectly states that "as found by this Court in denying the Respondent's Motion to Dismiss, Relator is serving a sentence of 43 years to life." (Walker's Brief at 1.) In actuality, the order denying the motion to dismiss provided: "Walker's recitation of the terms of his sentence in his complaint does not match the terms contained in the purported entries that Walker attached to his complaint in support. . . . When run consecutively, . . . this results in a total sentence of 48 years to life, not 43 years as alleged by Walker in his complaint." (Apr. 15, 2025 Mag.'s Order at 6.)

provided under the sentencing entry in Cuyahoga C.P. No. CR-268354, this results in a total sentence of 48 years to life, not 43 years.

{¶ 30} Contrary to Walker's claims, the evidence submitted by Bolin reflects that Walker's credit has been applied to the calculation of his sentence and parole hearing date. The September 20, 2004 letter from the bureau reflects that credits in the amount of 2,053 days had been applied to Walker's first hearing date, which was, at that time, scheduled in January 2034. The sentence calculation letter prepared by Pond reflects that Walker's first hearing is currently set for February 2034, "which would be seen in [November] 2033." (Bolin's Evid. at 5.) Therefore, from the evidence in the record, Walker has failed to establish that Bolin has a clear legal duty to alter the calculation of Walker's prison term or the date of his first hearing before the parole board.

## C. Conclusion

{¶ 31} For the foregoing reasons, it is the decision and recommendation of the magistrate that Walker's request for a writ of mandamus should be denied.

/S/ MAGISTRATE
JOSEPH E. WENGER IV


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.