ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On December 20, 2004, the petitioner, Oscar Nicholson, commenced this mandamus action against the respondent, the Cuyahoga County Common Pleas Court, Domestic Relations Division and the Child Support Enforcement Agency (hereinafter "CSEA"). In the underlying case,Nicholson v. Nicholson, Cuyahoga County Common Pleas Court, Domestic Relations Division Case No. 88 DR 183572, petitioner is litigating a child support dispute,[1] and through this mandamus action he seeks to compel the trial court to order CSEA to stop the wage deduction and to order CSEA to stop taking funds from his income source and to return any funds it holds to him. After receiving several extensions, the respondents moved to dismiss on April 18, 2005. The petitioner never responded. For the following reasons, this court grants the motion to dismiss.
 {¶ 2} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. State ex rel. Ney v.Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessman
(1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v.Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus.
 {¶ 3} In the present case the petitioner has an adequate remedy at law by litigating the support issues in the trial court, just as he is doing right now. A review of the docket in the underlying case reveals that the trial court has been pursuing these issues and that petitioner has also asked for much of the same relief in the trial court as he has in this court. If petitioner is not satisfied with the results obtained in the trial court, he has a further remedy by way of appeal, in which this court can examine his issues on a complete record.
 {¶ 4} Accordingly, this court grants the motion to dismiss and dismisses this complaint for a writ of mandamus. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Sweeney, P.J., Concurs. Gallagher, J., Concurs.
[1] The petitioner submits that by agreement he took custody of one of his twin sons for the last year of the son's minority and that the trial court and CSEA have not given him proper credit for taking custody. He further asserts that he made a $10,000 in court payment for back support which neither the trial court nor CSEA has recognized. Instead, the respondents maintain that there is an arrearage for which CSEA still takes deductions, despite the facts that the twins have reached majority and that the petitioner is paying for their college education. Petitioner argues that this court should issue a writ of mandamus to cure this fundamentally unjust situation.