[Cite as *American, Inc. v. Solivan*, 2011-Ohio-5269.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96258

---

## AMERICAN, INC.

### PLAINTIFF-APPELLEE

vs.

## ISMAEL SOLIVAN

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cleveland Municipal Court
Case No. 05CVF06793

**BEFORE:** Kilbane, A.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:** October 13, 2011

**ATTORNEY FOR APPELLANT**

Vincent F. Gonzalez
2535 Scranton Road
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Charles A. Bakula
30285 Bruce Industrial Parkway
Suite C-2nd Floor
Solon, Ohio 44139

MARY EILEEN KILBANE, A.J.:

{¶ 1}   Defendant-appellant Ismael Solivan appeals from the order of the Cleveland Municipal Court that reinstated a default judgment entered against him in favor of plaintiff-appellee American, Inc.

{¶ 2}   Solivan presents one assignment of error, arguing that the Cleveland Municipal Court abused its discretion.   Upon a review of the record, this court agrees. The municipal court's order is reversed, and this case is remanded for further proceedings.

{¶ 3}   American originally filed the action against Solivan in March 2005. American alleged two causes of action, i.e., breach of contract and unjust enrichment.

{¶ 4}   American first claimed that it had entered into a lease agreement with Solivan in "August 1999" to provide electronic monitoring equipment and service to a

home located on W. 130th Street in Cleveland, Solivan owed the "principal amount of $136.00" pursuant to the lease, and "[n]o one ha[d] paid the debt."

**{¶ 5}** With respect to the same claim, American further alleged that the agreement called for monitoring services for a term of sixty months and a total rental fee of $1,497.00, Solivan "authorized commencement" of the services, American had supplied the services, but the "agreement was breached." American demanded damages of the principal amount, the unpaid portion of the lease term, "accrued interest," and interest on the debt of "18% per annum."

**{¶ 6}** With respect to the second claim, American alleged that Solivan "should have been aware" of the goods and services American delivered to the property, the property had been improved by them, and Solivan thereby received a "benefit" in the amount of "no less than $886.00." For both of these claims, American requested damages in the amount of $2,207.34, plus interest.

**{¶ 7}** American attached several documents to the complaint as exhibits. These indicated the "customer's name" as Zenaida Solivan. "Zenaida Solivan" also was referred to as the "Purchaser/Subscriber." These documents were dated "2-12-00." American's "Statement of Account," dated February 5, 2001, indicated the account was in the names of both Zenaida and Ismael Solivan, and indicated a past due amount that totaled $2,207.34. However, American did not attach a copy of the agreement itself.

{¶ 8}  The record reflects the original summons to Solivan could not be delivered by certified mail.  In June 2005, American requested the clerk of court to reissue the summons to Solivan by certified mail to an address on W. 44th Street.  When that was returned unclaimed, American requested the court clerk to send the summons by regular mail.  The certificate of mailing was placed on file on July 19, 2005 pursuant to Civ.R. 4.6(D).

{¶ 9}  On September 15, 2005, the case was set for a default hearing to be held on October 25, 2005.  The court's docket reflects notice of the hearing was "sent to PLTF/ATTY," and that "failure to appear may result in dismissal."

{¶ 10} The next document that appears in the municipal court's record is dated October 28, 2005.  It is a magistrate's decision on a form that was filed with the clerk. This document states in pertinent part as follows:

{¶ 11} "Pursuant to Civil Rule 55, Defendant(s) having failed to appear or answer in this case, Plaintiff'[s] Motion for Default Judgment is granted and judgment is rendered against all named and served Defendants in the amount of $2,030.46 plus costs and interest from * * * 2-28-01 at 18% per annum."

{¶ 12} Although the form has a portion for it, there is no indication that "notice of this hearing was sent to Defendant(s)."  The form also lacks any indication that a copy of the decision was mailed to either party.  Nevertheless, the trial judge approved and

signed the decision; it was filed with the clerk on the same day as the magistrate's decision.

{¶ 13} Two years later, on November 13, 2007, the municipal court issued American a certificate for a judgment lien on the award against appellant Solivan.

{¶ 14} On December 5, 2008, Solivan filed a motion in the municipal court for relief from the default judgment. He attached several exhibits to his motion.

{¶ 15} One of the exhibits was his affidavit. Therein, he averred that he learned of American's lien against him in August 2008, it was the first knowledge he had of the action, he had never been served with either the summons or any other notices from the court, he did not reside on W. 44th Street after April 1, 2000, and the court's judgment was "based on false information from Plaintiff * * * ."

{¶ 16} Another exhibit was a full copy of the agreement between American and Zenaida as the primary subscriber. Solivan attached a copy of the docket entries issued in his divorce case; they indicated Zenaida obtained a divorce from him in November 2000.

{¶ 17} Solivan also attached a copy of his intended answer to the claims American presented against him in its original complaint. He denied all of the pertinent allegations and raised several affirmative defenses to American's claims; one of these was the failure to name all necessary parties.

{¶ 18} American filed a brief in opposition to Solivan's motion. In general, American asserted relief from judgment was unwarranted. It supported its assertion with, inter alia, a copy of what purported to be the affidavit of its "credit manager."

{¶ 19} The foregoing document was neither signed nor notarized. Solivan filed a "response" brief pointing out this fact to the municipal court. American filed a motion pursuant to Loc.R. 7.07 to strike Solivan's "response."

{¶ 20} In April 2009, the case was set for a hearing on Solivan's motion for relief from judgment to be held the following month; however, nothing in the court's docket indicates the hearing went forward. The docket instead reflects that a "motion for continuance hearing" was conducted on June 23, 2009.

{¶ 21} On August 12, 2009, a magistrate issued a decision that indicated the case had been called for an evidentiary hearing that had been held on June 25, 2009.[1] The magistrate decided that Solivan had "established that he has possible defenses to the complaint," and therefore, "in the interest of [justice], the case is to be set" on a judge's docket. The assigned judge signed the magistrate's decision granting Solivan's motion for relief from judgment that same day.

---

[1]The record on appeal contains an envelope marked "Exhibits." Some of the documents bear facsimile dates of "Jun-23-2009"; therefore, they may have been submitted to the magistrate at this hearing, but the envelope has no file stamp from the clerk of the municipal court, and the court's docket contains no indication that such a hearing was scheduled.

{¶ 22} On August 26, 2009, American filed objections to the magistrate's decision. American argued the magistrate had not considered whether Solivan met all the necessary requirements for a successful Civ.R. 60(B) motion.

{¶ 23} A month later, American filed a motion to strike Solivan's proposed answer to the complaint. However, the docket does not reflect that Solivan ever filed such a pleading. Months later, on June 29, 2010, the municipal court nevertheless granted American's motion.

{¶ 24} The municipal court's docket indicates that on August 17, 2010, the matter was set for a hearing on the "motion for default judgment" to be held on October 13, 2010. It is unclear what transpired at this hearing.

{¶ 25} On November 8, 2010, without explanation, the municipal court issued an order reinstating American's default judgment. The court followed this order with another on December 2, 2010 that sustained American's "objection to the Motion to Vacate" judgment and "dismissed" Solivan's Civ.R. 60(B) motion.

{¶ 26} Solivan timely appeals from the final order entered by the municipal court. In his sole assignment of error,[2] he asserts the municipal court abused its discretion in "reinstating" American's default judgment and "dismissing" his motion for relief from that judgment. This court agrees.

---

[2]Solivan's assignment of error states: "The court erred in reinstating the judgment without hearing."

**{¶ 27}** The default judgment against Solivan was reinstated after American filed objections to the magistrate's decision; the magistrate determined Solivan's motion for relief from judgment had merit. Cleveland Municipal Court Local Rule 8 states in pertinent part:

**{¶ 28}** "**8.02 RECORD OF PROCEEDINGS BEFORE THE MAGISTRATE**

**{¶ 29}** "Any party *desiring a record of proceedings in a civil case before a magistrate may arrange for the attendance of a private court reporter* at said party's cost pursuant to Local Rule 12.01.

**{¶ 30}** "**8.03 OBJECTIONS TO THE DECISION OF THE MAGISTRATE**

**{¶ 31}** "Any party objecting to the decision of the magistrate *shall file such objections in accordance with Rule 53 of the Ohio Rules of Civil Procedure* and pay the necessary costs.

**{¶ 32}** " * * *

**{¶ 33}** "C. All objections to the magistrate's findings of fact must be in conformity with Rule 53 of the Ohio Rules of Civil Procedure *which requires an accompanying transcript or affidavit of evidence* submitted. * * * " (Emphasis added.)

**{¶ 34}** Civ.R. 53(D)(2)(a)(ii) states that "a magistrate's decision *may be general* unless findings of fact and conclusions of law *are timely requested* by a party

**{¶ 35}** * * ." (Emphasis added.) American made no request for findings of fact. American also made no attempt to either have the proceedings before the magistrate

transcribed, have the record of the hearing re-created, or file an affidavit of the evidence adduced at the hearing.

{¶ 36} Nevertheless, American asserted in its objections to the magistrate's decision that the magistrate failed to consider, inter alia, specific facts concerning its service of the complaint upon Solivan. Civ.R. 53(D)(3)(b)(iii) requires that any "objection to a factual finding * * * *shall be supported by a transcript of all the evidence submitted to the magistrate* relevant to that finding * * * ." (Emphasis added.) American did not comply with this mandate.

{¶ 37} Moreover, although the municipal court signed the magistrate's decision the same day that it was issued, the court still had the duty to dispose of American's objections in a specific manner. Civ.R. 53(D)(4)(e)(i). The municipal court neither had evidence before it, nor made any specific dispositions. Rather, it simply "reinstated" American's default judgment and "sustained" its objections. Cf., *In re L.S.*, Cuyahoga App. No. 91598, 2009-Ohio-617.

{¶ 38} In ruling on American's objections, the court was required to "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). The provision requires a de novo review; this means the court must weigh the evidence presented to the magistrate and, based upon that review, independently reach a

conclusion. *Knauer v. Keener* (2001), 143 Ohio App.3d 789, 793, 758 N.E.2d 1234; *DeSantis v. Soller* (1990), 70 Ohio App.3d 226, 233, 590 N.E.2d 886.

{¶ 39} An appellate court presumes that the trial court conducted an independent review of the magistrate's decision *unless the appellant affirmatively shows* otherwise. *Hartt v. Munobe*, 67 Ohio St.3d 3, 7, 1993-Ohio-177, 615 N.E.2d 617. In this case, "[t]he court had no evidence before it, independent of the magistrate's report, to decide the issue[s] * * * ". *Davis v. Reed* (Aug. 31, 2000), Cuyahoga App. No. 76712.

{¶ 40} Generally, a party who moves to vacate a judgment must demonstrate that he has a meritorious defense to present if relief is granted, that he is entitled to relief on one of the grounds listed in Civ.R. 60(B), and that the motion is made within a reasonable time. *GTE Auto. Elec., Inc. v. ARC Indus., Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113. The magistrate determined in this case that Solivan met the requirements; the resulting decision did not provide any details to explain that determination.

{¶ 41} Thus, lacking any evidence from the magistrate's hearing on Solivan's motion for relief from judgment, the municipal court could not have conducted an independent review of the factual basis for the magistrate's decision. Moreover, the municipal court made no specific rulings on American's objections to the magistrate's report. Solivan, consequently, has made the necessary affirmative demonstration.

{¶ 42} When a meritorious motion for relief from judgment is presented, "[t]he proper procedure is for the trial court to (1) enter an order sustaining the motion for relief

and vacating the judgment, (2) conduct the necessary further proceeding and (3) enter a new judgment reflecting the trial court's determination after the further proceeding." *Buckhorn, Inc. v. Lumbermen's Mut. Cas. Co.* (Oct. 13, 1988), Franklin App. No. 88AP-135; see, also, Loc.R. 8.03(E).

{¶ 43} The municipal court in this case neither properly entered an order on the magistrate's decision nor properly conducted the necessary further proceeding. Simply put, the municipal court arbitrarily "reinstated" the default judgment, "sustained" American's "objection," and "dismissed" Solivan's motion for relief from judgment without any evidence.

{¶ 44} Under these circumstances, the municipal court abused its discretion. Solivan's assignment of error is sustained.

{¶ 45} The municipal court's orders are reversed, and this case is remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR