[Cite as *State ex rel. Oatman v. DeLeone*, 2025-Ohio-2931.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>SABREL B. OATMAN,<br><br>Relator,<br><br>- vs -<br><br>HON. MICHAEL L. DELEONE,<br>JUDGE, LAKE COUNTY<br>JUVENILE COURT,<br><br>Respondent. | CASE NO. 2025-L-058<br><br>Original Action for Writ of Mandamus |

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: August 18, 2025
Judgment: Petition dismissed

*Sabrel B. Oatman*, pro se, 4196 Flossy Lane, Perry, OH 44081 (Relator).

*Charles E. Coulson*, Lake County Prosecutor, *Kelly A. Echols*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1} This matter is before the Court on the Motion to Dismiss filed by Respondent, Hon. Michael L. DeLeone, Judge, Lake County Juvenile Court, regarding the pro se Petition for Writ of Mandamus filed by Relator, Sabrel B. Oatman. For the reasons that follow, we grant Respondent's Motion to Dismiss and dismiss Relator's Petition.

**Procedural History**

{¶2} On May 27, 2025, Relator filed a Petition for Writ of Mandamus against Respondent in this Court. Relator alleges that in 2024, he filed a custody action in the Lake County Juvenile Court to assert his parental rights concerning his minor child (*Oatman v. Brooks*, Case No. 2024 CV 00151). On April 1, 2025, the juvenile court adopted a Shared Parenting Plan. Prior to the resolution of the custody action, the Child Support Enforcement Agency ("CSEA") filed an administrative action to enforce a child support order without incorporating the Shared Parenting Plan (*Lake Cty. Dept. of Job & Family Servs. v. Oatman*, Case No. 2024 SE 00865). According to Relator, the juvenile court magistrate refused to address the child support action or consolidate it with the custody action. Relator further alleges that he filed numerous motions that remain pending.

{¶3} In his prayer for relief, Relator seeks a Writ of Mandamus ordering Respondent to (1) "[i]mmediately rule on all pending motions filed in Case No. 2024SE00865"; (2) "[t]erminate any active enforcement or recognition of the administrative child support order issued by CSEA"; and (3) "[a]ffirm Relator's constitutional right to support and parent his minor child directly under a shared parenting agreement without interference by CSEA." Relator attached several documents to his Petition.

{¶4} On June 6, 2025, this Court filed an Alternative Writ.

{¶5} On June 24, 2025, Respondent, through counsel, filed a Motion to Dismiss pursuant to Civ.R 12(B)(6). On June 30, 2025, Relator filed a Memorandum in Opposition to Respondent's Motion to Dismiss.

{¶6} On July 7, 2025, Relator filed a Supplement to Petition for Writ of Mandamus.

{¶7} On July 14, 2025, Respondent filed a Reply. On July 21, 2025, Relator, without leave of court, filed a Sur-Reply.

**Legal Standards**

{¶8} "Mandamus is a writ, issued in the name of the state to an inferior tribunal . . . commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "'The function of mandamus is to compel the performance of a present existing duty as to which there is a default.'" *State ex rel. Willis v. Sheboy*, 6 Ohio St.3d 167, 168 (1983), quoting *State ex rel. Fed. Homes Properties, Inc. v. Singer*, 9 Ohio St.2d 95, 96 (1967). "To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Gadell-Newton v. Husted*, 2018-Ohio-1854, ¶ 6.

{¶9} "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 9. Documents attached to the complaint may be considered on a Civ.R. 12(B)(6) motion to dismiss, and a court is not required to accept allegations in a complaint as true when they

Case No. 2025-L-058

are contradicted by documents attached to the complaint.  *State ex rel. Washington v. D'Apolito*, 2018-Ohio-5135, ¶ 10.

## Analysis

{¶10}  Respondent argues that Relator's Petition should be dismissed because (1) the Petition does not comply with R.C. 2731.04; (2) Relator has an adequate remedy at law; and (3) Respondent ruled on all pending motions.  We consider each argument in turn.

{¶11}  R.C. 2731.04 provides that a petition for a writ of mandamus "must be . . . in the name of the state on the relation of the person applying."  As Respondent accurately notes, Relator did not bring his Petition in the name of the State on his relation.  The Supreme Court of Ohio has dismissed petitions for writs of mandamus when the action was not brought in the name of the state on the relation of the person requesting the writ. *Blankenship v. Blackwell*, 2004-Ohio-5596, ¶ 35.  However, when a failure to comply with R.C. 2731.04 is raised, and a relator files a motion for leave to amend the caption, the Court has granted leave to amend so as to resolve cases on the merits rather than on a pleading deficiency.  *Id*.  Relator, in his Memorandum in Opposition, requests leave to amend the caption.  We hereby grant Relator's request and correct the caption to read: *State ex rel. Sabrel B. Oatman, Relator*.  Accordingly, Respondent's first basis for dismissal is overruled.

{¶12}  Respondent next argues that Relator's Petition should be dismissed because he has an adequate remedy at law.  "The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law."  R.C. 2731.05.  An adequate remedy in the ordinary course of the law includes equitable as

well as legal remedies.  *State ex rel. Doe v. Gallia Cty. Common Pleas Court*, 2018-Ohio-2168, ¶ 12.  "The alternative must be complete, beneficial, and speedy in order to constitute an adequate remedy at law."  *State ex rel. Ullmann v. Hayes*, 2004-Ohio-5469, ¶ 8.

{¶13}  Respondent contends that Relator has an adequate remedy at law by litigating the child support issues in the trial court and appealing any adverse judgment.  In support, Respondent cites *State ex rel. Nicholson v. Cuyahoga Cty. Common Pleas Court*, 2005-Ohio-3029 (8th Dist.).  In that case, the relator filed a mandamus petition in the appellate court seeking to compel the trial court "to order CSEA to stop the wage deduction and to order CSEA to stop taking funds from his income source and to return any funds it holds to him."  *Id*. at ¶ 1.  The appellate court dismissed the petition, finding that the relator "has an adequate remedy at law by litigating the support issues in the trial court, just as he is doing right now."  *Id*. at ¶ 3.  The appellate further found that "[i]f petitioner is not satisfied with the results obtained in the trial court, he has a further remedy by way of appeal, in which this court can examine his issues on a complete record."  *Id*.

{¶14}  Relator counters that "constitutional and procedural violations are occurring now, before trial" and that "[d]elayed review via appeal is not adequate where fundamental rights are at stake, and harm is ongoing."  In support, Relator cites *State ex rel. Natl. Elec. Contrs. Assn. v. Ohio Bur. of Emp. Servs.*, 1998-Ohio-281.  In that case, the Supreme Court of Ohio reversed the appellate court's dismissal of a mandamus complaint filed by a trade association and member who sought to compel the Ohio Bureau of Employment Services ("OBES") to collect penalties that occurred as a result of violations of the prevailing wage statute.  *Id*. at ¶ 3. The Court determined that the relevant

statutes did not permit the relators to raise their contentions "concerning the failure of OBES to impose and collect penalties and to file a list of prevailing wage law violators"; therefore, the relevant statutes did not provide an adequate legal remedy. *Id*. at ¶ 18.

{¶15} We find *Nicholson* to be analogous to the present case. *Natl. Elec. Contrs. Assn*, by contrast, does not support Relator's broad assertion and is factually and legally distinguishable. Therefore, we find that Relator has an adequate remedy at law by litigating the child support issues in the trial court and appealing any adverse judgment to this Court. Accordingly, it appears beyond doubt that Relator can prove no set of facts that would entitle him to a Writ of Mandamus compelling Respondent to "[t]erminate any active enforcement or recognition of the administrative child support order issued by CSEA" or to "[a]ffirm Relator's constitutional right to support and parent his minor child directly under a shared parenting agreement without interference by CSEA."

{¶16} Respondent next argues that Relator's request for immediate rulings on his pending motions is moot because Respondent already ruled on them. In support, Respondent cites Magistrate's Orders filed on May 1 and 9, 2025, both of which Relator attached to his Petition. In those Orders, the magistrate denied motions that Relator filed on April 23, 24, and 25, and May 8, 2025. Respondent also attaches, as Exhibit A, a certified copy of a judgment entry filed on May 20, 2025, denying motions that Relator filed on May 12, 2025.

{¶17} "A writ of mandamus will not issue to compel an act that has already been performed." *State ex rel. Davidson v. Beathard*, 2021-Ohio-3125, ¶ 13. A court of appeals may take judicial notice of an entry attached to a motion to dismiss in support of a respondent's claim that the entry rendered a mandamus claim moot without converting

Case No. 2025-L-058

the motion to a motion for summary judgment. *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8.

{¶18} Relator counters that "not all motions were addressed." Specifically, Relator references his Emergency Motion to Compel Ruling on Pending Motions and Continue the May 8, 2025 Hearing filed on May 8, 2025. However, our review of the Magistrate's Order filed on May 9, 2025, indicates that the magistrate expressly addressed Relator's Emergency Motion. Specifically, the magistrate wrote, "The Motion to Compel filed on May 8, 2025 by Defendant Sabrel Oatman, is moot as Motions were addressed at today's hearing." (Page 55 of Relator's Petition). Juv.R. 40(D)(2)(a)(i) provides that "a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." *See also* Civ.R. 53(D)(2)(a)(i).

{¶19} Relator also challenges the adequacy of Respondent's May 20, 2025 judgment entry. Relator contends that Respondent's "blanket denial" is "constitutionally insufficient." In support, Relator purports to cite "*State ex rel. Rodgers v. Cuyahoga Cty. Court of Common Pleas*, 83 Ohio St.3d 447 (1998) [sic]." Relator further contends that he was not properly served with the judgment entry (despite the clerk's service certification on the document's face).

{¶20} The judgment entry's lack of reasoning and the alleged lack of service do not change the fact that Respondent performed his legal duty by ruling on Relator's pending motions. The purported case that Relator cites in support of his argument does not exist.[1] Therefore, Relator's request for a Writ of Mandamus compelling Respondent to "[i]mmediately rule on all pending motions filed in Case No. 2024SE00865" is moot.

---

1. Several other purported cases that Relator cites in his Memorandum in Opposition also do not exist.

Case No. 2025-L-058

{¶21} Finally, we note that after Respondent filed his Motion to Dismiss on June 24, 2025, Relator filed two documents in which he attempts to raise additional claims. First, on June 30, 2025, Relator filed his Memorandum in Opposition to Respondent's Motion to Dismiss. Therein, Relator suggests that the trial court had been divested of jurisdiction to adjudicate the May 8, 2025 hearing. He also contends that CSEA initiated the child support action based on "factually false" and "materially misleading information" from the child's mother.

{¶22} Civ.R. 15(A) provides in relevant part:

A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.

{¶23} Relator did not file an Amended Petition or seek leave to do so. He is not permitted to raise additional claims in his Memorandum in Opposition; therefore, they are not properly before us.

{¶24} Second, on July 7, 2025, Relator filed a Supplement to his Petition for Writ of Mandamus. Therein, Relator states that he wishes "to inform this Court of new material developments that reinforce the necessity of mandamus relief and clarify the factual record." Relator alleges that he was not properly served with the May 20, 2025 judgment entry, which continues to "[p]revent effective access to appeal," "[d]eny due process," and "[o]bscure [Relator]'s ability to preserve rights and challenge unlawful enforcement actions." Relator requests, in relevant part, that this Court "[r]ecognize that no service

was made to [Relator]" and "order Respondent to properly serve [Relator] and ensure all rulings are accessible and appealable."[2]

{¶25}  Relator does not identify the procedural rule pursuant to which he filed his Supplement.  Civ.R. 15(E) provides in relevant part:

> *Upon motion of a party* the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

(Emphasis added.)

{¶26}  Relator did not file a motion for leave; therefore, his purported claim is not properly before us.  In any event, Respondent would not have a clear legal duty to serve Relator.  Civ.R. 58(B) imposes that duty upon the clerk of courts, providing in relevant part:

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal.  Within three days of entering the judgment upon the journal, *the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket*.

(Emphasis added.)

{¶27}  Based on the foregoing, Respondent's Motion to Dismiss is granted, and Relator's Petition for Writ of Mandamus is dismissed.


ROBERT J. PATTON, P.J., MATT LYNCH, J., JOHN J. EKLUND, J., concur.

---

2.  In his Supplement, Relator incorrectly states that the May 20, 2025 judgment entry was filed on June 13, 2025.  The latter date is when the clerk of courts certified the copy attached as Exhibit A to Respondent's Motion to Dismiss.

Case No. 2025-L-058

# JUDGMENT ENTRY

For the reasons stated in the Per Curiam Opinion of this Court, Respondent's Motion to Dismiss is granted, and Relator's Petition for Writ of Mandamus is dismissed.

Costs to be taxed against Relator.

PRESIDING JUDGE ROBERT J. PATTON,
concurs

JUDGE MATT LYNCH,
concurs

JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-058