[Cite as *State ex rel. Jones v. Sadler*, 2026-Ohio-1355.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Thomas Jones, | : | |
| Relator, | : | No. 25AP-596 |
| v. | : | (REGULAR CALENDAR) |
| Judge Lisa L. Sadler, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on April 14, 2026

**On brief:** *Thomas Jones*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Bryan B. Lee*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

JAMISON, J.

{¶ 1} Relator, Thomas Jones, seeks a writ of mandamus ordering respondent, Judge Lisa L. Sadler, a judge assigned to the Court of Claims of Ohio, to serve him with an entry of dismissal and to rescind a bill for court costs. Respondent filed a motion to dismiss. For the following reasons, we overrule Jones' objections to the magistrate's decision, grant the respondent's motion to dismiss, and deny Jones' petition for a writ of mandamus.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate rendered a decision, including findings of fact and conclusions of law, and recommends that we deny Jones' request for a writ of mandamus because Jones failed to show that respondent had a clear legal duty to notate the mailing of the entry denying the motion to dismiss on the clerk's record and ensure that subsequent mailing was done three days later, or that respondent lacked an adequate remedy at law. We agree.

{¶ 3}   The magistrate's decision informed the parties of their right to file objections to his recommendation under Civ.R. 53(D)(3)(b).  In ruling on a party's objections, a court is required to undertake an independent review as to the objected matters to ascertain that a magistrate has properly determined the factual issues and appropriately applied the law.  Civ.R. 53(D)(4)(d).  The provision requires a de novo review; this means the court must properly weigh the evidence presented to the magistrate and, based upon that review, independently reach a conclusion.  *Am., Inc. v. Solivan*, 2011-Ohio-5269, ¶ 38 (8th Dist.).  Jones has timely filed objections to the magistrate's decision.

{¶ 4}   Jones' argument is characterized by his perceived failure of the respondent to order that " '[t]he clerk to serve upon all parties not in default' " " 'notice of the judgment and its date of entry upon the journal.' "  (Objs. to Mag.'s Decision at 2, quoting Civ.R. 58(A)(1) & (B).)  Civ.R. 58(B) states:

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).

{¶ 5}   In this case, the issue before us is who has the duty to notate the docket after the trial court has made the order.  The entry of dismissal in *Jones v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2024-00763JD, was filed on April 7, 2025.  The trial court's entry orders the following: "The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal." (Entry of Dismissal at 6.)  We conclude that the duties of the trial judge ended when she made the order and it is the duty of the clerk to notate the date of the filing upon the journal.  "Civ.R. 58(B) requires that service be made by the clerk of courts." *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 2015-Ohio-241, ¶ 2.  In essence, Jones' request for a writ of mandamus attempts to compel the wrong party to complete the action of notating the journal.

{¶ 6} After a de novo review of the record we find no error of law or other defect on the face of the magistrate's decision, we adopt the magistrate's decision in its entirety, including findings of fact and conclusions of law, as our own decision. We find that Jones has not established that respondent is under a clear legal duty to provide the relief or that he lacks an adequate remedy at law.

{¶ 7} Accordingly, we overrule Jones' objections to the magistrate's decision, grant respondent's motion to dismiss, and dismiss the complaint for a writ of mandamus.

*Objections overruled*;
*motion to dismiss granted*;
*action dismissed.*

LELAND and DINGUS, JJ., concur.

———————————————

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Thomas Jones, | : | |
| Relator, | : | |
| v. | : | No. 25AP-596 |
| Judge Lisa L. Sadler, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 29, 2025

---

*Thomas Jones,* pro se.

*Dave Yost,* Attorney General, and *Bryan B. Lee,* for respondent.

---

IN MANDAMUS
ON MOTION TO DISMISS

{¶ 8} Relator Thomas Jones requests a writ of mandamus ordering respondent Judge Lisa L. Sadler, a judge assigned to the Ohio Court of Claims, to serve him with an entry of dismissal and to rescind a bill for court costs. Respondent has filed a motion to dismiss. For the following reasons, the magistrate recommends granting the motion to dismiss.

**I. Findings of Fact**

{¶ 9} 1. Relator commenced this original action with the filing of his complaint for writ of mandamus on July 21, 2025.

{¶ 10} 2. In his complaint, relator alleges he filed a personal injury action in the Ohio Court of Claims in October 2024. This action, which is identified as *Jones v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2024-00763JD (hereinafter referred to as the "underlying case"), was pending before respondent.

{¶ 11} 3. According to relator, respondent "issued an entry of dismissal 'without prejudice' " of the underlying case on April 7, 2025. (Compl. at 2.)

{¶ 12} 4. On May 29, 2025, the Court of Claims allegedly "issued an order demanding payment for courts cost and subpoenas." *Id.*

{¶ 13} 5. Relator alleges he "never received any notice by mail the claims had been dismissed," and asserts he "has a right to be [sic] an appeal means of actual notice by mail and on the docket." (Compl. at 2.) Relator contends that "if allowed to stand the entry of dismissal from April 7, 2025 prejudices relator[']s right of perfecting an appeal, according to App.R. 4." *Id.* at 2-3. Relator contends that "[t]he entry occurred April 7, 2025 therefore the court docket should demonstrate service was performed on April 10, 2025 which the court docket does not show, because the court failed to issue according to [Civ.R.] 58 entry of notice on the docket to relator from the clerk as directed by Judge Lisa L. Sadler." *Id.* at 3.

{¶ 14} 6. Relator claims that he is owed a duty of proper service under the Ohio Rules of Civil Procedure. Relator asserts that respondent's April 7, 2025 entry "fails according to Civ.R. 58 in providing relator Thomas Jones a copy of the judgment entry from April 7, 2025, due to the failure to finalize the entry on the court docket ordering service of the clerk to be performed in three days." (Compl. at 4.) Relator asserts that "[t]his inaction has prejudice[d] relator['s] opportunity to perfect an appeal according to App.R. 4(A)(1) and 4(A)(2)." *Id.* Relator further asserts that "[a]nything that fails to satisfy the four basic criteria of Civ.R. 54(A) is not a 'judgment,' and therefore does not dispose of claims so as to 'determine the action' under R.C. 2505.02(B)(1)." *Id.* at 6.

{¶ 15} 7. Relator also asserts that "the May 29, 2025 entry demanding payment of court cost must also be rescinded, along with the order threatening the use of a collection agency if not paid" by a certain date. (Compl. at 6.)

{¶ 16} 8. Relator concludes as follows: "Wherefore, relator despite the prejudice suffered, just wants to be able to perfect an appeal of the court order in a timely manner, by receiving the Judges performance of duty, as to the right of the relator Thomas Jones, that

service be provided by the clerk on the docket per order of Judge Lisa L. Sadler." (Compl. at 6.)

{¶ 17} 9. Attached to relator's complaint were two exhibits incorporated by reference in the complaint. Exhibit A, according to relator, reflects a copy of the "Docket" from the underlying case. (Compl. at 3.) Exhibit B purportedly reflects a cost bill for the underlying case dated May 29, 2025.

{¶ 18} 10. Respondent filed a motion to dismiss on August 25, 2025.

{¶ 19} 11. Relator filed a memorandum in opposition to the motion to dismiss on September 8, 2025.

{¶ 20} 12. Respondent filed a reply in support of the motion to dismiss on September 15, 2025.

## II. Discussion

{¶ 21} Respondent has moved to dismiss relator's mandamus complaint for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6).

### A. Mandamus

{¶ 22} A writ of mandamus is an extraordinary remedy " 'issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty.' " *State ex rel. Russell v. Klatt*, 2020-Ohio-875, ¶ 7, quoting R.C. 2731.01. *See State ex rel. Blachere v. Tyack*, 2023-Ohio-781, ¶ 13 (10th Dist.) (stating that the purpose of mandamus is to compel the performance of an act that the law specifically enjoins as a duty resulting from an office, trust, or station). Mandamus may issue when a relator establishes by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Gil-Llamas v. Hardin*, 2021-Ohio-1508, ¶ 19.

### B. Standard for a Motion to Dismiss for Failure to State a Claim

{¶ 23} A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) is procedural and tests the sufficiency of the petition or complaint. *See State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). When ruling on a

Civ.R. 12(B)(6) motion, a court may consider certain "documents attached to or incorporated into the complaint." *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2025-Ohio-2927, ¶ 8. *See* Civ.R. 10(C) ("A copy of any written instrument attached to a pleading is a part of the pleading for all purposes.").

{¶ 24} A court reviewing the sufficiency of a complaint in resolving a Civ.R. 12(B)(6) motion must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Despite this presumption regarding factual allegations, "unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss." *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12. Thus, dismissal of a mandamus action under Civ.R. 12(B)(6) is warranted if, after presuming all factual allegations in the complaint to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that the relator can prove no set of facts entitling the relator to recovery. *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-2071, ¶ 8. Stated another way, " '[a] complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " *Hanson* at 548, quoting *State ex rel. Alford v. Willoughby Civ. Serv. Comm.*, 58 Ohio St.2d 221, 224 (1979).

## C. Whether the Complaint States a Claim in Mandamus

{¶ 25} In his complaint, relator asserts he is owed a duty of service under R.C. 2743.03(D) and Civ.R. 58. R.C. 2743.03(D) provides that the Ohio Rules of Civil Procedure "govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter," while also providing that the Supreme Court of Ohio "may promulgate rules governing practice and procedure in actions in the court as provided in Section 5 of Article IV, Ohio Constitution."

{¶ 26} Civ.R. 58 contains provisions pertaining to the entry of judgment. Civ.R. 58(A)(1) provides that "upon a decision announced, . . . the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal." Civ.R. 58(A)(1) further provides that "[a] judgment is effective

only when entered by the clerk upon the journal." With regard to notice of filing, the rule provides:

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, **the _clerk_ shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket**. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).

(Emphasis added.) Civ.R. 58(B).

{¶ 27} As alluded to by relator in his complaint, Civ.R. 58 is relevant when considering the requirements in the Ohio Rules of Appellate Procedure related to the time to appeal. App.R. 4(A)(1) provides that an appeal must be filed within 30 days of a final order. *See Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 2015-Ohio-241, ¶ 6. Similarly, App.R. 4(A)(2) requires, with regard to appeals from orders that are not final upon their entry, the filing of a notice of appeal within 30 days of the date on which the order becomes final. Notwithstanding these temporal requirements, App.R. 4(A)(3) provides with regard to civil cases that "if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." *See Howard v. Mgmt. & Training Corp.*, 2022-Ohio-4071, ¶ 10 (10th Dist.). Thus, "it is clear that service by the clerk is the triggering event that starts the 30-day appeal period." *Gator Milford* at ¶ 6.

{¶ 28} From these rules, timeliness in civil cases "is defined as 30 days from the date of the final order or from the date that the clerk completes service if service is not completed within three days of entering the judgment on the journal." *Id.* at ¶ 7. This "strict 30-day deadline" serves an important purpose—clarity. *Id.* Because of this clear deadline, "[t]he attorneys, the parties, and most importantly the court of appeals know whether the appeal has been filed timely." *Id.*

{¶ 29} In the motion to dismiss, respondent asserts that after the April 7, 2025 entry was issued, relator filed a motion requesting that respondent order the clerk of the Court of Claims to perform service by mail pursuant to Civ.R. 58. Respondent states that this motion was denied "because the clerk served the Entry of Dismissal on [relator] on April 7, 2025," and stated that "any further questions as to service should be directed to the mailroom at [relator's] correctional institution." (Mot. to Dismiss at 4-5.) Though the entry denying this motion does not appear in relator's complaint or its exhibits, respondent asserts this Court "may consider the full docket" of the underlying case in the Court of Claims since relator "routinely cites and refers to his civil case throughout his petition." (Mot. to Dismiss at 4, fn. 1.)

{¶ 30} It has been recognized that "[i]t may be appropriate in certain cases for a court to take judicial notice of something filed in another case." *State ex rel. Mather v. Oda*, 2023-Ohio-3907, ¶ 14. *Compare State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8 (recognizing that certain courts have taken judicial notice of the content of public court records available on the internet), *with State ex rel. Bradford v. Bowen*, 2022-Ohio-351, ¶ 12 (stating that "*Everhart* merely recognizes that other courts have taken judicial notice of court records that were available on the Internet," and that "*Everhart* does not support the . . . broad assertion that a court may take judicial notice of any public record that is available online"). Furthermore, "[a]n event that causes a case to become moot may be proved by extrinsic evidence outside the record." *State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 8.

{¶ 31} Yet, even if this Court were to take notice of such an entry, it would not answer the question of whether the clerk served the April 7, 2025 entry on relator and noted the service of on the docket. Rather, this question can only be answered by looking at the docket itself. Nowhere on the publicly available website of the Court of Claims can one find a notation of service of the April 7, 2025 entry.

{¶ 32} This Court has previously confronted similar problems in appeals from the Court of Claims. *See Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 23AP-772 (Jan. 26, 2024 Jgmt. Entry). In *Johnson*, the Court of Claims issued a judgment and properly directed its clerk to serve notice of the judgment at issue on the parties. More than 30 days after the judgment was issued, the appellant filed a notice of appeal. The appellant argued that his appeal was timely because the clerk of the Court of Claims did not note

service of the judgment on the docket. The appellant supported this argument with a "printout from the 'Ohio Court of Claims Odyssey Portal,' " reflecting "that service does not appear on the docket as required by Civ.R. 58(B)." *Id.* at 2. In the judgment entry dismissing the appeal as untimely, this Court stated that the appellant was "correct that the case information that appears on the 'Ohio Court of Claims Odyssey Portal' does not include any notation of service related to the November 1, 2023 judgment." *Id.* This court found, however, that the information appearing "on the Odyssey Portal is not the Court of Claims docket," but rather was "a website containing much of but not all of the information on the official docket." *Id.* Review of the official docket provided as part of the record on appeal revealed the notation of service as required by Civ.R. 58(B). Based on the notation on the official docket, this Court concluded the appellant's notice of appeal was untimely.

{¶ 33} The complete official docket of the underlying case is not present in the record of this matter or otherwise publicly available online for this Court to review. As explained in *Johnson*, it is impossible to determine from consulting the publicly available information online whether service of the April 7, 2025 entry was made or if service was noted on the docket of the Court of Claims.[1] Therefore, even if this Court took judicial notice of the publicly available information on the website of the Court of Claims, this would not resolve questions regarding service of the April 7, 2025 entry.

{¶ 34} Next, respondent admits in the motion to dismiss that a duty does exist under the Civil Rules. Pointing to Exhibit A attached to relator's complaint, respondent asserts that "the clerk already served the Relator with the judgement on April 7, 2025," and states that "[t]he court's duty pursuant to Civ.R. 5(B)(2)(c) was executed upon mailing to Relator." (Mot. to Dismiss at 9.) But, as the Supreme Court of Ohio has clarified, "Civ.R. 5(B) does not refer to service of final judgments" and "is not relevant to the discussion of the time for filing an appeal." *Gator Milford* at ¶ 11. Rather, App.R. 4(A)(1) provides a "party 30 days from entry of a judgment to perfect an appeal, and Civ.R.58(B) mandates that the **clerk of**

---

[1] Recent enactments require online availability of dockets in civil and criminal cases in the general division of the courts of common pleas and probate cases in the probate division of the courts of common pleas. *See* 2023 Sub. H.B. 567 (amending, effective April 6, 2023, R.C. 2303.12 to require the clerk of the court of common pleas to "make available online on the clerk of court's web site the general docket of the court for remote access and printing by the public of the information in that docket, including all individual documents in each case file, pertaining to civil cases filed on or after the effective date of this amendment"); 2025 Am.Sub. H.B. 96 (amending, effective September 30, 2025, R.C. 2101.11 to require online availability of the docket of the probate court and R.C. 2303.12 to require online availability of the docket of the court of common pleas in criminal cases).

**court's office** serve the order with an accompanying notation on the appearance docket." (Emphasis added.) *Id*. Nevertheless, while a duty may exist under Civ.R. 58(B), the question remains: *whose* duty?

{¶ 35} Following a court's signing of a judgment and endorsing of instructions to the clerk, Civ.R. 58(B) requires that, "[w]ithin three days of entering the judgment upon the journal, the **clerk** shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket." (Emphasis added.) From this, the rule makes plain that the clerk, not the judge, is under a duty to serve the judgment and note the service on the docket. *See State ex rel. Oatman v. Deleone*, 2025-Ohio-2931, ¶ 26 (11th Dist.) (holding that a juvenile court judge "would not have a clear legal duty to serve Relator" since "Civ.R. 58(B) imposes that duty upon the clerk of courts."). This is also consistent with the laws establishing the position of the clerk of the court of claims.

{¶ 36} R.C. 2743.07 provides that the Supreme Court of Ohio "shall appoint the clerk and deputy clerks of the court of claims who shall be licensed to practice law in the state, to serve at its pleasure." The duties of the clerk of the court of claims are contained in R.C. 2743.09. Among other requirements, the clerk of the court of claims is required to "[p]repare the dockets, enter and record the orders, judgments, decisions, awards, and proceedings of the court of claims, and issue writs and process." R.C. 2743.09(B).

{¶ 37} The duty under Civ.R. 58 to serve the parties with the court's judgment and note the service in the appearance docket lies with the clerk, not the individual judge who issued the judgment. *See Oatman* at ¶ 26; *State ex rel. Smith v. Fuerst*, 2000-Ohio-218, ¶ 5 (finding clerk of court of common pleas "complied with his duty to serve the entry" of the trial court dismissing the relator's petition for postconviction relief). *Compare State ex rel. Ford v. McClelland*, 2013-Ohio-4379, ¶ 6 (8th Dist.) (finding, under Civ.R. 58(B), that a person who filed a petition of postconviction relief had "the right to notice," and the trial court judge had "a duty to endorse upon any judgment, when dealing with a civil proceeding, a direction to the clerk of the trial court 'to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal' "). Thus, relator cannot establish respondent is under a clear legal duty to "perform service on relator by notice of mail and on the docket." (Compl. at 1.)

{¶ 38} Leaving aside the question of duty, relator also cannot establish the third element of a mandamus claim—the absence of an adequate remedy at law. "Where a party

contends it did not receive notice of a final judgment, that party may seek relief pursuant to Civ.R. 60(B)." *Leonard v. Delphia Consulting, LLC*, 2007-Ohio-1846, ¶ 13 (10th Dist.). Even where a clerk has noted service on the docket, that notation "is only some evidence that the notice was sent—but not conclusive evidence." *Id*. A party can rebut such evidence through a motion for relief from judgment under Civ.R. 60(B). *See id*. Due to the availability of a remedy in the form of a Civ.R. 60(B) motion, relator cannot establish the third element of a mandamus claim—the absence of an adequate remedy at law. *See Smith*, 2000-Ohio-218, at ¶ 6 (affirming denial of mandamus claim where the relator possessed "adequate remedies at law by a Civ.R. 60(B)motion for relief from judgment or appeal to raise his claim that he was entitled to additional time to perfect his appeal"). *See also Defini v. Broadview Heights*, 76 Ohio App.3d 209, 214 (8th Dist. 1991) (stating that "it was not necessary to file a Civ.R. 60(B) motion" to prove allegation that he did not receive notice of the trial court's final judgment since he "could have filed his notice of appeal within thirty days from the date the notice of the trial court's judgment was served on him"); *State ex rel. Thomson v. Doneghy*, 1997-Ohio-125, ¶ 3 (affirming denial of a mandamus complaint because the relator had an adequate remedy to contend he was entitled to an additional thirty days to perfect his appeal from a trial court judgment by his pending appeal from that judgment).

**D. Conclusion**

{¶ 39} Presuming all factual allegations in the complaint to be true and making all reasonable inferences in favor of relator as the nonmoving party, relator cannot establish two of the required elements for relief in mandamus: that respondent is under a clear legal duty to provide the requested relief or the lack of an adequate remedy at law. Accordingly, it is the decision and recommendation of the magistrate that respondent's motion to dismiss should be granted and relator's complaint dismissed.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.